CRAIG *v.* HONE, *et al.*

CLARK *v.* SAME.

A debtor, against whom judgment creditors were pursuing their remedy, allowed to receive for maintenance a part of the funds in the hands of his father's executors, without the consent of creditors—it appearing that the share which such debtor was entitled to under his father's will would be more than sufficient to satisfy all his creditors.

*October* 15, 1834.

*Debtor and Creditor.*

The defendant, Henry Hone, was entitled, under the will of John Hone his father, deceased, to a distributive share of the rents and income of certain property devised in trust by the said John Hone. The amount of such share had averaged annually about the sum of seventeen hundred dollars; and about a fifth of it arose out of the rents and income of real estate, while the residue came from the income and produce of the personal property.

Judgments had been obtained against Henry Hone; bills were filed; and injunctions issued, prohibiting the executors and trustees of the estate of the said John Hone from paying over to him or his order any part of the income or produce of the same.

The arrears of the annual income of this share, which had been carried to the credit of Henry Hone, since the filing of the bills, was nineteen hundred and fifty dollars, and the sum of five hundred dollars was his proportion of the rents and income which had since fallen due and a part of which might not have been collected, making the whole of such arrears two thousand four hundred and fifty dollars.

The defendant now presented a petition, setting forth the above facts; and also showing that he had no means of sup-

port, except from the income of his said late father's estate, and had been obliged to borrow money, since the issuing of the injunctions, for his necessary maintenance; that the real estate of which the said John Hone his father died seized, and from which an income was now derived, was worth about the sum of sixty-five thousand dollars, and the residue of such real estate was worth about the sum of one hundred thousand dollars, from which about three hundred dollars of income was derived; and he prayed that the arrears of his proportion in such income might be paid to him or such part thereof as should be deemed just, and that the petitioner might be allowed to take the whole or some just share of the future income of such estate for his support and maintenance, as should be deemed right, or for such other order, &c.

Mr. *M. Hoffman*, for the petitioner.

THE VICE-CHANCELLOR:—Aside from the present motion, the will of the late John Hone is now before me upon a demurrer to one of the creditor's bills. There are very nice questions upon its validity: and I cannot decide in relation to it until I have had full time carefully to examine the decision of the court of Errors in the case of *Coster* v. *Lorillard.* But, in the mean time comes the present petition, for a modification of injunctions so as to allow Mr. Hone to receive for his support a portion of the money in the hands of the executors. I had strong doubts, when this motion was made, whether I could grant the prayer of it without the consent of creditors.

It may be as well to refer to the case of *Hickson* v. *Aylward,* 3 Molloy's R. 34. A receiver had been appointed over the life estate of the defendant Aylward; and Lord Manners had, on application for a maintenance out of the rents, made an order referring it to a master to inquire what would be a sufficient maintenance to be allowed to the defendant. The master had reported upon the sum. The counsel for the complainant moved that the report should be sent back, arguing that although the receiver was over the whole of the debtor's lands, in which he had an estate for life, and although he was entirely unprovided for otherwise,

1834.

CRAIG
v.
HONE.

yet, on principle, no allowance could be made to the debtor out of his property for his support whilst any of his creditors were unsatisfied, except with their consent. The then Lord Chancellor (Hart) said, " was it pointed out to Lord Manners when he made this order in favor of this unfortunate gentleman, that the master could have no means of measuring what should be a sufficient maintenance ? This is a case in which much argument might be addressed to the feelings of the judge : but one of the duties of a judge and not the easiest, is to control his feelings. When he can only indulge his pity at the expense of creditors, it is his duty to be hard-hearted. This motion is, however, wrong in point of form. The plaintiff objects to the master's report when he should object to the Chancellor's order. This is no critical, but a substantial distinction. The motion must, therefore, stand over to be properly shaped. If the plaintiff desires it, I shall then discharge Lord Manners' order, for it is a point too clear for hesitation. I have a recollection of having been counsel on appeals in cases like this, in which humanity towards the owner of the estate had prompted the judge to step beyond his jurisdiction. Formerly, there prevailed in the colonies a habit of making a provision for the proprietor, while his creditors were not fully satisfied. The privy council, on appeal, uniformly repudiated that. I remember two cases in which the chancery of the island of Jamaica, in the Duke of Manchester's time, there being large estates and debts of comparatively small amount, decreed such allowances to the owners: but on appeal to the privy council, Sir William Grant said it was impossible to sanction them. Then the master has no other means to judge of sufficiency of maintenance than the court had. I could not sustain such an order, except the creditors consented. The plaintiff's demand is to be sure not on foot of a mortgage ; and I was considering at first whether that would make any difference, but I cannot see any. I should be glad to be shown a ground to enable me to decide in favor of the defendant ; but it is impossible, except by consent."—It appears that afterwards the creditors consented to allow a maintenance.

Although I cannot but approve of the reasoning in *Hick-*

*son* v. *Aylward*, yet in that case the debtor was a mere tenant for life and his rights did not extend over the capital or into the thing itself; whereas, in the present case, Mr. Hone is entitled to a share of principal monies under his father's will and not of the interest merely for he has a power of willing it away, while his children will have the share should he die without a will. The petitioner's case is not to be looked upon as an insolvent one. The estate he gets from his father is more than enough to pay all his debts. There must be more than three thousand dollars at this time in the hands of the executors, and if the bill which seeks to overturn the trusts of this will, should succeed, then a whole one ninth of the capital is exposed to the creditors (the real estate of the testator is said to be worth one hundred and sixty thousand dollars). Should the will stand, the income is only to be liable to the creditors, after sufficient is allowed for support and maintenance. There is a provision in the Revised Statutes to this effect: (1 R. S. 729, sec. 57.)

. I think I am justified in this case in modifying the injunction so far as to allow Mr. Hone to receive, out of the monies in the executors hands, the sum of fifteen hundred dollars. I am further induced to do this from having been told that a part of one of the judgments has been paid and another fully satisfied.