slip, had lost the opportunity to set up a mere technical or un-conscientious defence, and came to the court for a favor, which it was·necessary should be granted to enable him to set up such defence, the court would require him to do equity, as a condition of granting the favor asked; that, in this case, however, the refusal of the amendment would not deprive the complainant of the power to get rid of the usurious security, but would merely subject him to the uselesss expense of filing a new bill, without any benefit whatever to the adverse party.

The order appealed from was, therefore, affirmed, with costs.

---

### SILLICK and others *vs.* MASON.

Where a person is entitled, under a will, to an annuity for life, payable semi-annually, out of the income of real and personal estate in the hands of trustees, his interest in such annuity, beyond what is necessary for the support of himself and his family, may, under the provisions of the revised statutes, be reached by a creditor's bill, and applied to the payment of his debts.

THIS was an appeal from an order of the vice chancellor of the first circuit, founded upon exceptions to a master's report. The complainants were judgment creditors of the defendant, who under his father's will was entitled to an annuity of two thousand five hundred dollars for life, payable semi-annually out of the income of real and personal estate in the hands of trustees. On the day upon which a semi-annual payment of the annuity became due, and before it was received by·the defendant, the complainants, whose execution had been returned unsatisfied, filed their bill in this cause to reach the defendant's interest in the annuity, and obtained the usual injunction restraining him from receiving, collecting, or intermeddling with his property, either in his own hands, or held in trust for him. The defendant moved to dissolve or modify the injunction. And the vice chancellor refused to dissolve it. But he referred

Sillick *v.* Mason.

it to a master to ascertain and report what was a reasonable amount per annum for the support of the defendant and his family; and directed that upon the coming in and confirmation of his report the injunction should be modified, so as to enjoin and restrain the defendant only as to so much of the annuity, payable to him under his father's will, as should exceed the amount which was necessary for the reasonable maintenance and support of the defendant and his family. The master reported that the whole annuity of two thousand five hundred dollars per annum was a reasonable amount for that purpose; although it appeared that the defendant had no children, and had no other family than himself and wife. But it also appeared, by the evidence before the master, that the defendant had never been brought up to any business; and that he had lived in his father's family, and entertained the idea that a fortune would be provided for him, so as to render it unnecessary that he should follow any business pursuits. The vice chancellor modified the report of the master, so as to allow to the defendant only fifteen hundred dollars a year, for the support of himself and his wife, and modified the injunction only so far as to permit the defendant to receive and use seven hundred and fifty dollars of the half year's annuity which became due and payable on the day of the filing of the complainants' bill. From this last order the defendant appealed.

*G. R. J. Bowdoin*, for the appellant.

*Julius Rhoades*, for the respondents.

THE CHANCELLOR. The question cannot arise, upon this appeal, whether the annuity is one which can be reached by a creditor's bill, even if it is not all necessary for the support of the defendant and his family. That question was settled upon the original motion to dissolve the injunction, and the order made upon that application was not appealed from. I have no doubt, however, that under the provisions of the revised statutes on that subject, the interest of the cestui que trust in such

a trust as this, beyond what may be necessary for the support of himself and his family, may be reached, by a creditor's bill, and applied to the payment of his debts. (*See* 1 *R. S.* 729, § 57; *Idem*, 773, § 2; *and Clute* v. *Bool*, 8 *Paige's Rep.* 83.) The only question in this case, therefore, is whether the master came to the right conclusion in supposing that the whole annuity of two thousand five hundred dollars was no more than a reasonable allowance, for the support of the defendant and his wife, under the circumstances appearing in the evidence before the master upon the reference.

It certainly was the misfortune of the defendant that he was brought up in idleness, under the idea that he was to inherit a large estate, and that it was unnecessary that he should acquire any business habits so as to fit him to acquire property, or to enable him to take care of it if given to him by others. It was proper therefore for the master to take that circumstance into account, in deciding what would be a reasonable allowance for support and maintenance. For no one can suppose that a person who has been brought up with improvident habits, and without having learned how to take care of property, will be able to live comfortably upon the same amount which would enable an industrious, provident, business man to support himself and family respectably as well as comfortably. And this, I apprehend, is the difference between the defendant's situation and that of the witnesses, who were examined before the master, on the part of the complainants. Still, I think the master erred in supposing that the whole annuity was necessary for the support of the defendant and his wife, while they both remained well and were not subjected to any extraordinary expenses. I think also, the vice chancellor restricted the allowance too much. Two thousand dollars would enable them to live respectably in New-York, according to their condition in life, even if the defendant should not think proper to do any thing for his own support. And they should not, upon a fair construction of the statute on this subject, be permitted to indulge in extravagant expenditures while the defendant's creditors remain unpaid.

The fact that the complainant's debt was contracted for the clothing of the defendant and his wife, can make no difference as to the rights of the parties. For the law knows no difference between one honest debt and another. And the judgment creditor is entitled to the same relief, against the surplus of the trust fund, whether his debt is for a tailor's bill, for cash lent, or for property sold. It is imprudent, in either case, to trust a man who earns nothing for himself, and who has no property except that which is placed beyond the reach of his creditors by an inalienable trust, and who is not in the habit of paying the debts he contracts, from time to time, upon the credit of the income of this trust property, when he receives such income.

The order of the vice chancellor which is appealed from must be so modified as to allow the defendant to receive and use one thousand dollars, of the half year's annuity which was due upon the day of filing of the bill in this cause; and one thousand dollars of each half year's annuity which may hereafter accrue and become payable, until the further order of the court; and the order is in all other respects affirmed. The costs of the complainant upon this appeal are to abide the event of the suit.(a)

(a) See *Bryan* v. *Knickerbacker*, (1 *Barb. Ch. Rep.* 409.)