GENET *vs.* BEEKMAN and others.

It is only in cases where a clear surplus will exist after a reasonable sum has been appropriated to the support of the person for whose benefit a trust was created, that courts of equity are authorized to interfere in behalf of judgment creditors, and divert a portion of the income or annuity to the payment of the debts of such person.

In determining what is a reasonable sum for the support of the *cestui que trust*, the referee may take into consideration his situation in life, and the condition in which he was left by the person creating the trust.

APPEAL from a judgment entered upon the report of a referee. The object of the suit, and the material facts, appear in the opinion of the court.

*Geo. C. Genet,* for the appellant.

*A. Thompson,* for the respondent.

*By the Court,* Leonard, J. It is sought by this action to reach some portion of the income of a trust estate in behalf of a judgment creditor; the trust having been created under the will of a father for the support of his son, the defendant in the judgment.

The referee has found the net income of the trust to be

Genet *v.* Beekman.

about $1000, and that the sum of $1200 is a reasonable sum for the support of the debtor, having just regard to his situation in life, and to maintaining the condition in which he was left by his father.

The referee was authorized to take those circumstances into consideration in arriving at his conclusion. (*Sillick* v. *Mason,* 2 *Barb. Ch.* 79.  *Clute* v. *Bool,* 8 *Paige,* 86–7.)

The plaintiff complains that the debtor keeps house, and supports an old female servant of his father.

I am unable to perceive that this circumstance affords sufficient ground for diverting any part of the income in favor of a creditor.

It may have been within the very intent of the father that his son should keep house and maintain the servant.  While the law sanctions trusts of the nature and objects of the one under consideration, it would be unwarrantable for courts to hold too severe and strict a rule upon the expenditures of the *cestui que trust.*  It is true that no person is to be encouraged by courts in incurring debts, indulging expensive habits, and setting just creditors at defiance.  At the same time, it is well for creditors not to give credit to persons who have no estate of their own, and engage in no pursuit of industry whereby any means is to be earned.  The debt of the plaintiff was incurred before the trust in favor of the debtor was created, and the existence of that debt, with others, probably induced its provisions.

It is only in cases where a clear surplus will exist after a reasonable sum has been appropriated to the support of the person for whose benefit the trust was created, that courts of equity are authorized to interfere in behalf of judgment creditors, and divert a portion of the income or annuity so dedicated to the payment of the debts of such person.  No such case is now presented.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, December 4, 1865.  *Ingraham, Leonard* and *Geo. G. Barnard,* Justices.]