5 425
3ap28J

ANNE R. HANN, Appellant, *v.* BAKER VAN VOORHIS and others, Respondents.

*3 R. S. (5th ed.), 21, § 76 and 264, §§ 43, 44 — creditors of cestui que trust cannot reach surplus income.*

Although the income of a trust estate, created by a person other than the beneficiary, may be greater than is necessary for the education and support of the *cestui que trust,* yet the judgment creditors of the latter cannot secure the payment of their claims out of such surplus income.
*Campbell* v. *Foster* (35 N. Y., 361) followed.

APPEAL from an order sustaining a demurrer to the plaintiff's complaint, asking that her judgment against the defendant, Baker Van Voorhis, be satisfied out of certain income of a trust estate held for the benefit of Van Voorhis, which income was not necessary for his support.

*Townsend & Weed,* for the appellant.

*Geo. W. Stephens,* for the respondents.

Daniels, J.:

The plaintiff, as a judgment creditor of the defendant Baker Van Voorhis, has brought this action to secure satisfaction of her judgment out of so much of the proceeds of a trust estate of real and personal property as is not necessary for his support and

maintenance. The trust was created by the will of Elias W. Van Voorhis, and it is alleged that the income is greater than the amount required to reasonably support and maintain the judgment debtor. No surplus of the income was alleged to exist, in point of fact, at the time when the suit was commenced. But it was averred that his income from the trust amounted to the sum of $1,300 annually, and that $600 was sufficient for his annual support. These facts are admitted by the defendant's demurrer, and they would, upon the ordinary principles of construction, seem to be sufficient to present a case within the section of the statute which declares that, " where a trust is created to receive the rents and profits of lands, and no valid direction for accumulation is given, the surplus of such rents and 'profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, shall be liable in equity to the claims of the creditors of such person, in the same manner as other personal property which cannot be reached by an execution at law." (3 R. S. [5th ed.], 21, § 76.) And that view has in many instances been deemed entirely consistent with another statutory provision, exempting from actions of this description trusts created by, and funds proceeding from, some other person than the judgment debtor. (3 R. S. [5th ed.], 264, §§ 43, 44; *Hallett* v. *Thompson*, 5 Paige, 583; *Degraw* v. *Clason*, 11 id., 136, 140, 141; *Rider* v. *Mason*, 4 Sand. Ch., 351; *Genet* v. *Beekman*, 45 Barb., 382.) And *Stewart* v. *McMartin* (5 Barb., 438) does not really conflict with them, because it was not pretended in that case that the annuity payable to the defendant under the trust deed of her father, was more than was necessary for her support. (Id., 444.) In *Bramhall* v. *Ferris* (14 N. Y., 41) the liability to the claims of creditors of the surplus beyond the sum necessary for support and education, was expressly conceded. (Id. 47.) But the creditor's action was defeated for the reason that the right of the debtor to the income was rendered determinable in the event of any judgment affecting it being recovered against him. In *Graff* v. *Bonnett* (31 N. Y., 9) the action was brought by a receiver in supplementary proceedings, who had no power to reach the surplus beyond the support of the debtor, if it could be shown that any would come into existence. Judge HOGEBOOM, who

delivered the prevailing opinion, said that "if this interest is not alienable so far as it is necessary for the support of the *cestui que trust*, then, I think it has been well held in several of the cases, that it will not pass to a receiver until it has actually become due, and perhaps not until it has been in some way determined that there will be a surplus over and above the inalienable right of the judgment debtor to a support; for it is only such surplus which is liable to the claims of creditors; and this surplus, it has been held, is not properly ascertainable under supplementary proceedings to discover and appropriate the debtor's property to the satisfaction of the judgment, but only in a suit or proceeding where the issue is directly made upon the amount necessary for the debtor's support, and to which the trustees and *cestui que trust* are parties." (Id., 11, 12.) And *Locke* v. *Locke* (2 Keyes, 457), which was a similar action, left the question now before the court in substantially the same condition.

This action has been brought in the form suggested above, but the case of *Campbell* v. *Foster* (35 N. Y., 361) prevents it from being maintained. That was also a suit by a receiver in supplementary proceedings. But the position was explicitly taken in the opinion, that the income of such a trust was beyond the reach of the creditors of the beneficiary. Other reasons were also assigned for defeating the action; but at the end of the case, the judgment is stated to have been affirmed, on the ground that the fund could not be reached. The disability was not restricted to actions by receivers, but the broad position taken in the opinion was sustained; and that was, that the fund was not liable to the claims of creditors. As long as that is maintained, an action of the nature of that brought by the plaintiff cannot succeed.

It is not for this court to deny the authority of that decision; and for that reason the order made in the present case should be affirmed; but as the plaintiff's claim is clearly just, and the income of the defendant sufficient to support him and pay the debt also, it should be without costs.

BRADY, J., concurred.

Order affirmed, without costs.