NICHOLAS KILROY, APPELLANT, v. WILMER S. WOOD, INDIVIDUALLY AND WITH OTHERS, TRUSTEES UNDER WILL OF SILAS WOOD, DECEASED, RESPONDENTS.

*Action to reach the surplus income of a trust fund — the habits and ability of the* cestui que trust *are to be considered in determining the amount to be allowed to him for his maintenance — the plaintiff must prove that there is a surplus.*

Where a judgment creditor seeks to compel so much of the income of a cestui que trust, as exceeds what is necessary for his suitable support and maintenance, to be applied to the payment of his debt, the court in determining what is a proper amount to be allowed for the expenditures of the cestui que trust, will consider the manner in which he has been brought up, the habits acquired by him, and his ability to take care of his property.

To entitle the plaintiff to succeed in such an action he must prove that there is a surplus of income, and where he fails so to do his complaint will be dismissed.

APPEAL from a judgment at a Special Term, dismissing the complaint upon the merits.

*P. & D. Mitchell,* for the appellant.

*F. B. Candler* and *M. L. Erlanger,* for the respondents.

BRADY, J.:

This action was commenced for the purpose of reaching certain alleged accumulations of income, constituting a surplus over and

above the amount which should be allowed to the beneficiary, Wilmer S. Wood, for his necessary expenditures. He was the beneficiary under a clause in the will of his father, which provided for the appropriation of a part of the income of his estate, without the power of anticipation of any surplus of income until he should attain full age, when the trustees were authorized to advance such accumulations or to keep them invested or give them to him from time to time, as they thought best.

The evidence establishes that the beneficiary is in receipt of a handsome income, which the learned justice in the court below thought was not more than sufficient to support him in the manner in which he had been accustomed to live, and was not beyond what his father intended to provide for him.

It has been held, in a series of cases, that a judgment creditor is entitled to the appropriation of the income beyond what is necessary for the suitable support and maintenance of the *cestui que trust* and those dependent upon him. (Code Civil Pro., §§ 1871 to 1879; *Williams* v. *Thorn*, 70 N. Y., 270; *Graff* v. *Bonnett*, 31 id., 9; *Craig* v. *Hone*, 2 Edw. Ch., 376 and 554; *Tolles* v. *Wood*, 99 N. Y., 616; *Sillick* v. *Mason*, 2 Barb. Ch., 79.) And in determining what is a proper amount to be allowed for his expenditures, it seems to be regarded as proper to consider the manner in which he has been brought up, the habits acquired by him, and his ability to take care of his property. It was said in the case of *Sillick* v. *Mason* (*supra*): "It certainly was the misfortune of the defendant that he was brought up in idleness, under the idea that he was to inherit a large estate, and that it was unnecessary that he should acquire any business habits, so as to fit him to acquire property or to enable him to take care of it if given to him by others." And in the same case the chancellor, after determining the amount which should be allowed the beneficiary, said: "And they should not, upon a fair construction of the statute on this subject, be permitted to indulge in extravagant expenditures whilst the defendants' creditors remained unpaid."

The same observation applies in this case. But the difficulty in disturbing the judgment arises from the fact that there is not sufficient evidence to show, indeed it may be said that there is no evidence on the part of the plaintiff tending to show, what would be

a proper amount to allow the beneficiary for his support. He is, as claimed in the defendants' points, a gentleman of high social standing, whose associations are chiefly with men of leisure, and is connected with a number of clubs, with the usages and customs of which he seems to be in harmony both in practice and expenditure, and it is insisted on his behalf that his income is not more than sufficient to maintain his position according to his education, habits and associations. And this may be so, yet it would seem that evidence might have been adduced which would establish his ability to live upon a smaller sum than the whole income, and thus relieve himself from the burden of a debt which seems to have been justly contracted. But the evidence is wholly insufficient on this subject on behalf of the plaintiff.

In the case of *Sillick* v. *Mason* (*supra*), a reference was made to a master to ascertain and report what would be a reasonable amount of the income for the support of the defendant and his family.

It was the duty of the plaintiff to show, in order to succeed, that there was a surplus of income, and which, as already suggested, he has failed to do.

An examination has been made of the exceptions presented upon the record, and it has been found that none of them is sufficient to change the result which must be declared, the inherent difficulty in the plaintiff's case being, as already suggested, the failure to show, by proper and sufficient evidence, that there was a surplus of income.

For these reasons the judgment must be affirmed.

DAVIS, P. J., concurred.

Judgment affirmed.