### BUNNELL v. GARDNER et al.

(Supreme Court, Appellate Division, Third Department. April 14, 1896.)

CREDITORS' BILL—TO REACH SURPLUS INCOME—BURDEN OF PROOF.

In an action by a judgment creditor to reach the surplus income of a trust fund after providing for the support of the debtor, the burden is on the plaintiff to show what was necessary for the debtor's support, and, in the absence of evidence to show what were the earnings and other resources of the debtor, what it cost him and other people generally in his situation to live, the debtor having an invalid wife and son dependent upon him, a finding that $300 per year was sufficient for their support was not justified.

Appeal from circuit court, Rensselaer county.

Action by Lemuel S. Bunnell against Richard H. Gardner and others. There was judgment in favor of plaintiff, and defendant Gardner appeals. Reversed.

Action by a judgment creditor of the defendant Richard H. Gardner to reach the surplus income of a trust fund after providing for the support of the judgment debtor. The fund was created by the will of Jefferson Gardner, deceased, and by the judgment appealed from the trustees are directed to pay over to the plaintiff, in extinction of his judgment, so much of the annual income willed to the judgment debtor as shall be in excess of the sum of $300. It was found that the sum necessary for the support and maintenance of the judgment debtor under his present circumstances was $300.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

William W. Morrill, for appellant.
Ward & Cameron, for respondent.

PER CURIAM. It is not clear that the evidence sustains the finding that only $300 a year out of the income of the trust fund is necessary

for the support of the debtor and those dependent upon him. The decree refers only to future income, and therefore the point is, what sum should be fixed as the situation appeared at the time of the trial, in May, 1895? If the earnings of the debtor may be considered (see Moulton v. De Ma Carty, 6 Rob. [N. Y.] 533), it does not appear what they were at the time of the trial. In December, 1890, he was in the employ of Gardner & Vail, of New York City, at $15 a week. He left them, and for five years has been running a laundry in Brooklyn. How much he gets out of that does not appear. It is not, according to the evidence, a flourishing business. His wife is in poor health, and he has an invalid son dependent upon him. It is not shown how much it costs them to live, or how much ordinarily it costs people in their situation to live. He and his wife seem to have had the income up to the time of the trial, and were asking for more. His father had been accustomed to help him, but to what extent does not appear. The wife owned a house that rented for $40 a month. On this was a mortgage of $3,000. They do not keep up the taxes on the house. The manner in which the debtor has been accustomed to live is an element. Rapallo, J., in Williams v. Thorn, 70 N. Y. 270, 278; Andrews v. Whitney, 82 Hun, 123, 31 N. Y. Supp. 164; Genet v. Beekman, 45 Barb. 382. The burden is on plaintiff to show that there is a surplus of income. Kilroy v. Wood, 42 Hun, 636. In that case the complaint was dismissed for lack of evidence to show what would be a proper amount to allow the beneficiary for his support. In Tollis v. Wood (N. Y. App.) 1 N. E. 251, Ruger, C. J., seems to have been of the opinion that, aside from proof as to the actual cost of living to a party, the best, if not the only, competent proof to be given on the subject was evidence as to the amount and cost of the various items going to make up the expense of living in the locality of the debtor to a person in his position. The opinion of Judge Ruger was concurred in by Judge Earl, but the question was not considered by the other judges. It seems to us that the evidence in this case is not sufficient to enable a court to fairly say what is a proper amount to be allowed to the debtor for the support of himself and those dependent upon him. If not, there should be a reversal.

Judgment reversed, and new trial granted; costs to abide the event.