(18 App. Div. 374.)

SCHULER v. POST et al.

(Supreme Court, Appellate Division, Second Department. June 22, 1897.)

1. TRUSTS—LIABILITY OF BENEFICIARIES.
    In an action by a judgment creditor to subject the surplus income of ɛ trust estate to the payment of debts of the cestui que trust, evidence as to the mode of life to which such beneficiary had been accustomed, and of the annual expense of maintaining the family in such manner of living, was competent, as tending to show the amount necessary to meet such expenses for the time following that to which such inquiry was directed.

2. SAME—APPLICATION OF INCOME TO DEBTS.
    The conclusion that the annual income of defendant, derived from a certain trust estate, furnished a surplus properly applicable to the payment of plaintiff's judgments against her, was justified by the evidence, where it appeared that defendant was in receipt of $10,000 per annum, and the further sum of $2,000 to pay house rent; that her children had an independent annual income of $3,000 each, for their support; that she charged for the board of each, when at home, at the rate of $120 per month; that she and her husband had lived with her father after her marriage, in 1876. until two or three years prior to her father's death, in 1883; that her father had been for many years "a fair, plain, ordinary liver," who "lived along quietly, nicely, and neatly," keeping no horses or carriages, nor more than two servants, and indulging in no social entertainments; and that $6,000 a year would amply cover his family expenses, aside from his rent.

Appeal from special term, Kings county.

Action by Joseph Schuler against Virginia W. Post, impleaded with others. From a judgment in favor of plaintiff, entered on decision of the court, rendered at Kings special term, defendant Post appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

. Wales F. Severance, for appellant.
. C. Walter Artz, for respondent.

BRADLEY, J. The plaintiff, a judgment creditor of the defendant Post, alleging that she has a surplus income, seeks to charge it with the payment of three judgments against her, amounting in the aggregate to $610, executions upon which have been returned unsatisfied. The income of the defendant is a specific annuity from a trust fund created by the will of her father, James Brady, deceased, of

date August 4, 1879, whereby he gave the residue of his estate to the other defendants, William H. Hazzard, William Bradley, and John B. De Cue, executors and trustees, to receive the rents, issues, and profits thereof, and from the income to pay to his daughter, the defendant, $10,000 per annum in quarterly payments during her life, and the further sum, not exceeding $2,000, annually, to pay house rent. She married in 1876, and with her husband continued to live with her father until two or three years prior to his death.    He died in 1883, and letters testamentary were issued to the other defendants.    So far as the income is necessary for the suitable support and maintenance of the beneficiary and those dependent upon her, it is beyond the reach of her creditors.    The statute on the subject provides that:

"Where a trust is created to receive the rents and profits of lands, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, shall be liable, in equity, to the claims of the creditors of such person, in the same manner as other personal property, which cannot be reached by an execution at law." 1 Rev. St. p. 729, § 57.

This principle is applicable to the income derived from personal, as well as real, property.    Silleck v. Mason, 4 Sandf. Ch. 351, 2 Barb. Ch. 79.    The question, therefore, is whether or not the conclusion of the trial court, that there was a surplus of this income applicable to the payment of the plaintiff's judgments, had the support of evidence.

It appears that the defendant Post has two sons, whose ages at the time of the trial were upward of 17 and 19 years; that she is their guardian; and that the income of each of them is $3,000 annually for their support, thus making the aggregate annual income of her and her sons $18,000.    It is apparent that there may be some difficulty in making proof of facts which show the amount requisite to the suitable support and maintenance of a family.    This is dependent upon the manner of living and the reasonable habits of its members, in view of their station in life.    And therefore it is competent, as bearing upon the inquiry, to prove the manner of maintenance and living of the recipient of an income of a trust fund previously as well as subsequently to the time of becoming the beneficiary.    On the part of the plaintiff, one of the executors and trustees of the will, called as a witness, testified that since 1849 he had been, and was, the head of a family; that he had known the testator many years, going back to a time prior to his marriage; that he had been at his house frequently, "had seen the style in which it was supported, and the manner in which things were sustained"; that "Mr. Brady was a fair, plain, ordinary liver, whom I never knew to go to any parties or splurges,—anything of that kind; he lived along quietly, nicely, and neatly"; that the witness never knew him to keep horses or carriages, nor more than two servants; and that he did not indulge in social entertainments to any extent.    Thereupon the witness was asked the question:    "Judging from this experience, I want you to say what is necessary per year to support a family of the size of Mr. Brady's in the manner in which he supported it."    The objection to the question as incompetent, as calling for a conclusion, and on the ground that the witness had not been shown competent to express an opinion of

the real outlay of Mr. Brady, was overruled, and exception taken. The answer of the witness was that he should judge that $6,000 a year would cover amply everything that he would spend outside of his rent. Another witness called by the plaintiff testified substantially to the same effect, subject to a like exception. The testimony of those witnesses constituted the only evidence directly on the subject as to the sum requisite to the maintenance of the family of her father, of which she, with her husband and children, had been a member up to within three years preceding his death.

In support of his contention, that such exceptions were well taken, the defendant's counsel relies mainly upon Tolles v. Wood, 99 N. Y. 616, more fully reported in 1 N. E. 251, and 16 Abb. N. C. 1. There, as here, a creditor of the beneficiary of the income of a trust fund sought to obtain an adjudication that there was a surplus available for application upon his judgment. In that case a witness, who was a single gentleman, living in New York, a member of the clubs and social circle to which the defendant belonged, and acquainted with him and his manner of living, was asked by the defendant's counsel the question: "What, in your judgment, would be a proper sum for the proper support and maintenance of Mr. Wilmer S. Wood [defendant] in the manner and life in which he has been in the habit of living, and associating with the friends whom he does associate with, so far as you know, in your judgment?" The view of Chief Judge Ruger was that the answer was properly excluded, because the evidence called for was not as to a fact, but related to a mere matter of opinion, and was also cumulative, and that the extent to which such evidence should be allowed is held to be in the discretion of the trial court, with which the appellate tribunal will not interfere, unless there is a clear abuse of the discretion by the exclusion of the evidence. And, after referring to the evidence then already introduced, the learned chief judge proceeded to discuss the question of the admissibility of the excluded evidence, and reached the conclusion that it was not admissible, because the question assumed that the manner in which the defendant had been in the habit of living was one of the conditions upon which the amount necessary for his support was predicated, which manner of life had been shown as recklessly extravagant and profuse, and that the excluded evidence would furnish no information upon the issue tried; and, finally, that the evidence did not relate to a fact which was properly the subject for an opinion of the witness. It may be observed that some of the reasons there given in support of the exclusion of the evidence are not applicable to the present case, in which the attention of the witnesses was called to past conditions within their knowledge, upon which the evidence received was wholly founded, and which conditions were such as gave some means of information upon the subject. While the witnesses may not be supposed to be able to specify with particularity the various items which made up the amount of Mr. Brady's annual family expenses in his mode of life, they, by their knowledge of his manner of living and maintaining his household, and their experience as heads of families living in the same neighborhood, it is reasonable to assume, were able approximately to estimate the ex-

penses incurred by him for such purposes. This was a fact bearing upon the question as to the necessary expenses following the time to which the attention of the witnesses was called. It was not necessarily or reasonably so as to the evidence offered and excluded in the Tolles Case, for the reasons there given. We are not advised that a majority of the court in that case adopted all the views expressed on that question in the opinion there delivered, but the indication of the report of the case is to the contrary. The view taken of the Tolles Case is such that it is not treated as authority necessarily bearing upon the question of the admissibility of the evidence referred to in the present case. There was no error in the reception of the evidence. The action is one in equity, where the rigid rules of the admissibility of evidence applicable to actions at law do not with the same effect apply upon review.

The inquiry remaining is whether the evidence was sufficient to support the recovery. Nobody outside of a family can tell just how many dollars are expended or requisite annually in its maintenance in the manner in which it is sustained. The rule which permits the reception of opinions is, of course, exceptional, and arises out of necessity. It has been applied in a great variety of cases, as occasion has required. The question presented in a case like this for determination is necessarily to some extent dependent upon estimate founded upon facts within the knowledge of witnesses who are also familiar with like conditions, and are advised by personal knowledge and experience, as well as by observation of the subject relating to family expenses attending such conditions. The plaintiff's witnesses referred to came within such designation of competency to give by their estimate some information to the court of the annual expenses necessary for the support of Mr. Brady's family in the manner in which he maintained it. And, while this mode and expense of living may not necessarily have had a controlling effect upon those later of the defendant, the manner in which she had in that respect been brought up as a member of her father's family, and was accustomed to live, as indicated by his methods, so far as related to the expense of living and maintaining his family, in which for a time was included the defendant, her husband and children, had some bearing for consideration upon the question presented for determination. Moulton v. De MaCarty, 6 Rob. (N. Y.) 533; Williams v. Thorn, 70 N. Y. 270. And the omission of the defendant to furnish any evidence at her command on the subject may properly have had some significance in the view of the trial court in giving to the evidence introduced by the plaintiff the effect permitted, although not required by it in support of the conclusion reached by that court. It does not appear whether or not the husband of the defendant has since his marriage been engaged in any business, or whether he has to any extent discharged his obligation arising from that relation to support his family. That question, therefore, has no consideration. It, however, does appear that the two children have allowed to them, from the estate of their grandfather, deceased, a supporting fund annually of $3,000 each, and that when at home a charge for the board of each of them is made upon such fund by the defendant of $120 per month. So, it is seen that the

annuity of the defendant cannot, in any view, be said to be charge-
able with the support of the children.    We think the conclusion was
permitted from the evidence that the annual income of the defendant
furnished a surplus properly applicable to the payment of the plain-
tiff's judgments against her.

The judgment should therefore be affirmed.    All concur.