HARRIET M. LOCKE, Administratrix, &c., of IRA LOCKE deceased, Respondent,

*v.*

TRUMAN G. MABBETT and CATHARINE M. WILLIAMS, Appellants.

Funds in the hands of a trustee, which may be made applicable to the payment of a judgment against a *cestui que trust*, can only be reached through a court of equity.

Such funds cannot be reached under supplementary proceedings.

*Appeal from General Term.*

*U. G. Paris*, for appellant.

*Isaac Mott*, for respondent.

DAVIES, Ch. J.   Supplementary proceedings were instituted under the Code against Truman G. Mabbett, upon an affidavit made by Isaac Mott, as attorney for Ira Locke, setting forth the recovery of a judgment in favor of Ira Locke, against Truman G. Mabbett and Joseph M. Mabbett, for about the sum of $1,620, on the 25th of April, 1863; that said judgment was duly docketed and execution issued thereon, and returned wholly unsatisfied; that, on the 20th of May, 1862, one Caroline Mabbett, wife of said Truman G. Mabbett, had died leaving a large amount of real and personal property; that said Caroline Mabbett left a last will and testament, and therein named and appointed one Catharine Williams, sole executrix; that said will had been duly proven and letters testamentary thereon issued to said Catharine Williams, who had taken possession of said real and personal estate belonging to said testatrix; that, in and by said will, a large amount of property, real and personal, was bequeathed and devised to the said Catharine Williams in trust for said defendant, Truman G. Mabbett, the avails or income thereof to be paid to the said Truman G. Mabbett, by the said Catharine

Williams, annually; and that the avails or income thereof remaining at the time of such application, in the hands of said Catharine Williams, amounted to the sum of $2,000 or more, as said deponent believes from information derived from said Mabbett and others.

Thereupon, the justice to whom such application was made, issued his warrant, directing the said Truman G. Mabbett to appear and answer before a referee, appointed by him, concerning such property; and he further ordered, that said Mabbett and said Catharine Williams should be restrained from selling, assigning, or in any manner interfering with the property of said Mabbett, until the further order of the court.

The referee, to whom the same matter was referred, proceeded to the examination of said Mabbett, and who examined as a witness said Catharine Williams and other witnesses. It appeared that Caroline Mabbett, at the time of her death, was possessed of some real estate and of personal property, consisting mainly of a stock of goods; and of the directing, by her last will and testament, the payment of her just debts, and a legacy of $2,000 to her sister, the said Catharine M. Williams, and certain specific dispositions of personal property; she gave all the rest, residue and remainder of her estate, both real and personal, to said Catharine M. Williams, in trust, "the income thereof to be used and applied, by my said sister, for the support and maintenance of my husband, Truman G. Mabbett, during his natural life, and upon his death, the principal of such trust fund to be given to my said husband's next of kin, according to the law of distribution." A large amount of testimony was taken by the referee, who reported the same to the officer who issued the order, which showed, that, in and previous to the year 1857, Mabbett was a merchant doing business, and that in the fall of that year he failed; that his stock of goods and real estate were bought at public sale by his father-in-law, and given to Mabbett's wife bona fide; that she

continued the mercantile business, in the name of her husband as agent, to the 10th day of May, 1862, on which day she died; that she left a will of the tenor and purport already stated; that after her death, the business was continued by said Catharine M. Williams, who was sole executrix of the will, and wholly managed and conducted by Mabbett as her agent, and when the order in this proceeding was served, he had possession, in that character, of the assets of the estate.

Much evidence was produced on the examination for the purpose of endeavoring to ascertain the principal of the trust fund, the income thereof, and the amount expended towards Mabbett's support. Upon the coming in of this testimony to the judge making the order, he made a further order, declaring that it appeared from such examination, that certain property belonging to said defendant Mabbett, not exempt from execution, to wit, the sum of $2,704.60, being the income and increase of said trust property since the death of said testatrix, over and above what was necessary for the support and maintenance of defendant Truman G. Mabbett, was then in the hands of the said Catharine M. Williams as trustee of the said defendant Truman G. Mabbett, and in the hands of the said Truman G. Mabbett, as her agent. He therefore ordered that the sum of $1,775.34, being the amount of the judgment of the plaintiff therein, unpaid, and the costs of the proceedings, out of said sum of $2,704.60, be applied to the satisfaction of the judgment in this action, by the said Catharine M. Williams, and the said Truman G. Mabbett, within ten days of the service of a copy of said order.

From this order, Mabbett and the executrix appealed to the General Term, where the same was affirmed, and they now appeal to this court.

It is objected that the executrix cannot properly appeal from this order, as she is not a party to the proceedings before the officer, who made the order transferring the

money claimed to be in her hands, belonging to the judgment debtor. If the order is obligatory upon her, it is difficult to perceive why she is not a party to the proceeding, and why she should not be heard in all courts, to contest its lawfulness. An absolute order has been made upon her or her agent, to pay over to the plaintiff in a judgment a certain sum of money. She is compelled by the terms of the order to make the payment, whether or not she has any moneys of the judgment debtor, in her hands or under her control. The order is absolute, and compliance can be enforced against her by process to punish her as for a contempt. I am clearly of the opinion therefore, that she can be heard in opposition to the order.

It may be regarded as very doubtful, since the decision of this court, in *Graff* v. *Bennett*, 31 N. Y., 9, whether property held in trust for the debtor, and for his benefit, may be reached through the agency of a court of equity, and applied to the satisfaction of his debts ; but there can be no doubt, if we are prepared to sanction the doctrine of the opinion in that case, that property held in trust for him or upon a trust or arising out of a fund proceeding from a third person, designed to secure to the debtor personally a support, cannot be so reached or taken by a judgment creditor. In the present case, the moneys sought to be reached and applied to the satisfaction of the judgment against Mabbett are the incomes of real and personal property held in trust, proceeding from a third person, and which income was to be applied by the trustee to the support and maintenance of the *cestui que trust*. The present case, therefore, falls directly within the principle of that case, and if it had been decided upon that point, it would have been conclusive authority for the position, that the income of the fund held by this trustee could not be appropriated for the payment of the debts of the *cestui que trust*.

But this court did decide in that case, that if the income

could be reached at all, it was only such surplus thereof, as might remain after setting aside sufficient thereof, for the support and maintenance of the beneficiary, and that this could only be done through the instrumentality of a court of equity. The learned judge who delivered the prevailing opinion of this court, in *Graff* v. *Bennett*, said that nothing could be reached even by a receiver, unless there should be a surplus over and above the inalienable right of a judgment debtor to a support, "and this surplus, it has been held, is not properly ascertainable under supplementary proceedings to discover and appropriate the debtor's property to the satisfaction of the judgment, but only in a suit or proceeding, where the issue is directly made upon the amount necessary for a debtor's support, and to which the trustees and *cestui que trust* are parties." This is decisive of the present proceeding, and must lead to a reversal of the orders made, and to a dismissal of the application.

The present case affords an illustration of the soundness and propriety of the rule laid down in *Graff* v. *Bennett*. There is a controversy, whether in fact any surplus exists. The person holding the fund, does not admit the existence of any such surplus, and the provisions of § 297 of the Code were never intended to be applicable, except to a case where the party admitted, or it was most clearly established, that the party upon whom the order was to be made, had in his hands property of the judgment debtor, or was indebted to him. These facts were not established on the present investigation, and, therefore, the order made was improvidently granted. A receiver should have been appointed, under § 298 of the Code, and an application should have been made to the court for leave to institute an action against the trustee and *cestui que trust*, to ascertain if there was any surplus of income over and above what was necessary for the support and maintenance of the *cestui que trust*. The fact of any surplus could only be ascertained upon an account-

ing, and whether, if any existed, it could be so applied, would depend upon the facts developed, and the principles of equity applicable thereto. If the reasoning and views of the leading opinion in *Graff* v. *Bennett* are sound, it would follow, that as the trust fund proceeded from a third person, the income of it being designed to secure to the debtor personally, a support, could not be sequestered for the payment of his debts.

Without, however, definitely passing upon this point, we are clearly of the opinion that the orders appealed from must be reversed, and the proceedings dismissed with costs.