Monell, J.
The 57th section of the Eevised Statute relating to uses and trusts, (1 R. S. 729,) provides that when a trust is created to receive the rents and profits of lands, * * * the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, shall be liable in equity to the claims of the creditors of such person in the same manner as other property. Another section (63) provides that no person beneficially interested in a trust for the receipt of the rents and profits of lands can assign, or in any manner dispose of, such interest
Under the provisions of the statute, it has been held that the court could direct the setting apart of an annual sum out of the surplus income, if there be any, to be applied towards the debts of the cestui que trust. (Sillick v. Mason, 2 Barb. Ch. 79. Scott v. Nevius, 6 Duer, 672. Genet v. Foster, 18 How. Pr. R. 50.)
The surplus only can be reached, the interest in the trust itself being unassignable.
The only question, therefore, is whether there is any surplus beyond the sum that may be necessary for the support of the defendant.
The annual income of Ma Carty from the trust varies.. As testified to by Mr. Schermerhorn, the acting trustee, it does not exceed five thousand dollars, and is sometimes much less than that sum.
In determining what sum is necessary for the support of the defendant, it is proper to consider his station in life, and the manner in .which he has been reared and educated, his habits, and the means he may have to aid in his support. (Silleck v. Mason, supra.)
The defendant states, in his affidavit, that he is the son of a wealthy southern planter; was educated in New Orleans and New York, and for eight years resided in Europe. That he was educated to no business, and has never engaged in any, except for a short time. His father died in 1832, possessed of a large estate, which was lost through *535 the knavery of an agent. Mr. Craven in his testimony says his (Ma Carty’s) standing in society is excellent, and that he knows him to be a gentleman of education and refined tastes.
Considering the habits, education and station in life of Ma Carty, the dependencies of a wife and two children, and that he is not engaged in any business, I cannot believe that the income he derives from the trust estate is more than adequate to his support. Indeed, he states that during the last year it has been insufficient. He has a right to be supported in his accustomed manner of living, and is not bound to contribute to such support by labor or otherwise. (Scott v. Nevius, supra.)
From all the facts before me, I am satisfied that the defendant ought not to be deprived of any part of the income derived from the trust estate, which in my judgment, during the continuance of the present high prices and very largely increased expenses of living, will barely afford him a comfortable support.
The injunction must be dissolved.