GRIFFITH G. WILLIAMS, Respondent, v. JOHN THORN, et al., Appellants.

Where a judgment debtor is the beneficiary of a trust under and by which the trustees are required to receive and pay over to him the income of the trust estate, an action may be maintained by a judgment creditor, after the return of an execution unsatisfied, to reach the surplus income beyond what is necessary for the suitable support and maintenance of the *cestui que trust*, and those dependent upon him.

The right of the creditor to maintain such an action exists, as well where the trust estate is personal, as where it is real property.

The remedy of the creditor is not confined to a surplus which has accrued and accumulated in the hands of the trustees; provision may be made in the judgment, determining what will be a reasonable allowance for the *cestui que trust*, and directing the application toward the payment of the judgment, of any future surplus, until the same is fully paid.

The provisions of the Revised Statutes (2 R. S., 173, §§ 38, 39), exempting from the operation of creditors' bills trust funds, when the trust has been created, or the trust fund has proceeded from some person other than the defendant, is not in conflict with the provision of the statute of uses and trusts (1 R. S., 729, § 57), providing that the surplus income of a trust estate shall be liable in equity to the claim of the creditors of the *cestui que trust*, and the former provisions do not exempt absolutely the whole income; they were intended to exempt the principal fund, and the beneficial interest of the *cestui que trust* in the income only to the extent of a fair support out of the trust estate.

*Campbell* v. *Foster* (35 N. Y., 361) and *Clute* v. *Bool* (8 Paige, 83) limited and distinguished.

*Graff* v. *Bonnett* (31 N. Y., 9), *Scott* v. *Nevius* (6 Duer, 672), *Locke* v. *Mabbett* (2 Keyes, 457), S. C. (3 Abb., Ct. of Appeals, 68) distinguished.

*Hann* v. *Van Voorhis* (15 Abb. Pr. [N. S.], 79) overruled.

(Argued March 28, 1877; decided September 18, 1877.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, denying a motion for a new trial, and affirming a decision of Special Term in favor of plaintiff.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Nicholas E. Kernan*, for the appellants. The beneficiary has no title or interest in the principal or income of the trust

estate, and it could not be reached by his creditors. (3 R.
S. [5th ed.], 16, § 55, sub. 3 ; id., 21, § 79; id., 264, § 43 ;
*Leggett* v. *Perkins*, 2 N. Y., 296; 2 Wigram on Wills [2 Am.
ed.], 224; *Campbell* v. *Foster*, 35 N. Y., 361; *Harris* v. *Van
Voorhis*, 12 S. C. R., 425 ; *Hallett* v. *Thompson*, 5 Paige,
583; *De Graw* v. *Clason*, 11 id., 136; *Stewart* v. *McMartin*,
5 Barb., 438; *Wetmore* v. *Truslow*, 51 N. Y., 338, 342.)
If the income could be reached by a creditor of the benefi-
ciary it could not be anticipated. (*Graff* v. *Bennett*, 31 N.
Y., 9; *Bramhall* v. *Ferris*, 14 id., 41; *Clute* v. *Bool*, 8 Paige,
83; *Moulton* v. *De MaCarty*, 6 Robt., 533; *Cruger* v. *Jones*,
18 Barb., 467; *Sillick* v. *Mason*, 2 Barb. Ch., 79; 18 How.,
50.)

*Alfred C. Coxe*, for the respondent. The surplus of the
income, after providing for the beneficiary in a reasonable
manner, could be reached by his creditors. (3 R. S. [5th ed.],
21, § 76; *Craig* v. *Howe*, 3 Ed. Ch., 566; *Silleck* v. *Mason*,
2 Barb. Ch., 79; 4 Sandf. Ch., 351; *Craig* v. *Jones*, 18 Barb.,
467; *L'Amoroux* v. *Van Rensselaer*, 1 id., 34; *Genet* v. *Beek-
man*, 45 id., 383 ; *Bryan* v. *Knickerbocker*, 1 Barb. Ch.,
409; *Bramhall* v. *Ferris*, 14 N. Y., 46; *Graff* v. *Bennett*,
31 id., 9 ; *Moulton* v. *McCarty*, 6 Robt., 534; *Hallett* v.
*Thompson*, 5 Paige, 586; *Clute* v. *Bool*, 8 id., 83.)

RAPALLO, J. This action is brought by a judgment cred-
itor of the defendant Butterfield, after the return of an
execution unsatisfied, to reach the surplus income of a trust
estate, of which the judgment debtor is the beneficiary.

The trust estate consists of real and personal property,
which was given by the will of the father of the defendant
Butterfield to the defendants Thorn and others, in trust, to
receive the rents and profits of the real estate and the
income of the personal estate, and to pay over the rents of
the real estate and the income of the personal property to
the defendant Butterfield during his life.

The complaint alleges that the income of the trust estate

is much greater than is necessary for the support of the defendant Butterfield and those dependent upon him, and prays that the surplus may be applied to the payment of the plaintiff's judgment.

Proof was given on the trial to the effect that the gross rental value of the real estate was about $4,000 per annum, and that the income of the personal property was $600 per annum, out of which taxes and insurance were to be deducted. Some of the real estate was occupied by the defendant Butterfield, and some was not let. The judge, however, did not pass upon the question whether there was any surplus, but decided, 1st. That the plaintiff was entitled to have the amount fixed, which should be a reasonable allowance for the support and maintenance of the debtor and those dependent upon him, with the right to the debtor to apply for a modification, if his circumstances should thereafter change. 2d. That the surplus over and above such allowance, whether accrued or hereafter to accrue, should be paid to the plaintiff, or a receiver to be appointed, until the debt of the plaintiff and his costs should be paid. 3d. That the plaintiff had the right to have ascertained what amount, if any, of accrued income belonging to the debtor was in a certain undivided fund referred to in the complaint, and that such surplus, if any, should vest in said receiver, and be applicable on said debt when collected by him; and 4th. That a referee should be appointed to ascertain and report what amount would be the reasonable allowance above referred to, and also as to the above surplus, and that on the coming in of his report a final decree be made.

The defendants excepted to this decision, and made a motion, under § 268 of the Code, for a new trial on a case and exceptions. This motion was denied at General Term, and from that order the defendants appeal to this court.

By 1 R. S., 729, § 57, it is provided that "where a trust is created to receive the rents and profits of lands, and no valid direction for accumulation is given, the surplus of such rents and profits beyond the sum that may be necessary

for the education and support of the person for whose benefit the trust is created, shall be liable in equity to the claims of the creditors of such person in the same manner as other personal property which cannot be reached by an execution at law."

This provision is very plain, and there can be no question that the surplus income of the real estate, if there be any such surplus, is liable to be reached in some form by the creditors of the beneficiary. Most of the cases on the subject expressly hold this section equally applicable to a trust to receive and pay over the income of personal property, and no point is made on this appeal based upon any distinction between the two sources of the income in question.

The right of a creditor to maintain an action of this description in cases of trusts of personal, as well as real estate has been recognized since an early period after the adoption of the Revised Statutes. In *Hallett* v. *Thompson* (5 Paige, 586) it is observed by the Chancellor that as a general rule it is contrary to sound policy to permit a person to have the ownership of property for his own purposes and to be able at the same time to keep it from his creditors. That the Revised Statutes have made one exception to this rule to the extent of a provision for education and necessary maintenance merely, but that in that case the beneficial owner is himself deprived of the power of aliening or encumbering the property or his interest in the rents and profits as *cestui que trust*, and the surplus income, beyond what is necessary for his support, is in equity subject to the claims of his creditors. And that by the analogy which courts of justice have always endeavored to preserve between estates or interests in land, or the income thereof, and similar interests in personal property, the right of a judgment creditor to reach the surplus rents and profits of land, beyond what is necessary for the support and maintenance of the debtor and his family, entitles him to maintain a creditor's bill which will reach a similar interest of the debtor in the surplus income of personal property held by another for his use and

benefit; but not that part of the income which may be necessary for the support of the judgment debtor.

The right to maintain such an action as the present, was also sustained by V. C. SANDFORD in *Rider* v. *Mason* (4 Sandf. Chy. Rep., 351), where § 57 of 1 R. S., 729, is applied indiscriminately to the income of real and personal property, and in *Sillick* v. *Mason* (2 Barb. Ch., Rep., 79), wherein the Chancellor made a decree allowing the defendant to receive out of the income of a trust fund, accrued and to accrue, a specific sum fixed by the Chancellor as sufficient for his support, and directing the surplus to be retained for the benefit of the creditor.

In *Bramhall* v. *Ferris* (14 N. Y., 41), the remedy of the creditor to reach such a surplus by bill in equity, was also conceded, though that case was disposed of on the grounds that there was no allegation or proof that the income was larger than necessary for the support of the debtor and his family, and also that there was a provision in the will that the interest of the *cestui que trust* should cease on the recovery by creditors of a judgment to reach it, which provision was held to be valid. The same right is also conceded in *Scott* v. *Nevius* (6 Duer, 672) and in *Graff* v. *Bonnett* (31 N. Y., 9.)

It is contended, however, that the case of *Campbell* v. *Foster* (35 N. Y., 361) is an authority for the position that no part of the interest of the *cestui que trust* in such income can be reached, and it is true that WRIGHT, J., in that case, stated it to be his individual opinion that it could not. His argument is, that §§ 38 and 39 of 2 R. S. 173, except from operation of creditors' bills funds held in trust for the debtor, when the trust proceeds from a third person. That § 63 of 1 R. S., 730, which provides that no person beneficially interested in a trust for the receipt of the rents and profits of lands, can assign or in any manner dispose of such interest, renders the interest of the beneficiary in a trust to receive and apply the income of personal estate inalienable, and therefore it cannot pass to creditors. But he says it is

not necessary to pursue the inquiry, whether the surplus can be reached; that his own opinion is that it cannot, but he says, " let that pass and let it be conceded that if there be any surplus, it may be taken. It has been held, and correctly, that such surplus is not ascertainable in supplementary proceedings to discover and appropriate the debtor's property, but only in a suit where the issue is directly made on the amount necessary for the debtor's support. If there were an accumulation in the hands of the trustee, it might possibly have been reached under § 294. *But a receiver in supplementary proceedings* cannot maintain a suit to reach so much of the income of a trust fund as is not required for the suitable support of the debtor."

That is the only point decided in *Campbell* v. *Foster.* The action was brought by a receiver of the property of the judgment debtor appointed in supplementary proceedings. The complaint set out a trust of personal property, created by the father of the judgment debtor, to pay the income to her, that it was more than sufficient for her support, and prayed that out of the surplus income derived, and to be derived from the trust estate, there be paid to the plaintiff as receiver a sum sufficient to satisfy the judgment. A demurrer to this complaint was sustained. Judge WRIGHT rests his opinion on two grounds: First. That under sections 38 and 39 (2 R. S., 174), the income is absolutely exempt; but, second. If he is wrong in that, the interest of the *cestui que trust* is inalienable under § 63, and cannot pass as property of the judgment debtor to a receiver. In this latter holding he only followed the decision of this court in *Graff* v. *Bonnett* (31 N. Y., 9), where it was held in a similar action that it would not *pass to a receiver* until it has actually become due and payable, and perhaps not until it has been in some way determined that there will be a surplus. The same point was decided in *Scott* v. *Nevius* (6 Duer, 672), but in both of those cases the right of the creditor in a proper action to have the amount necessary for the support of the debtor ascertained, and to compel the application of the surplus, is fully recognized.

Woodruff, J., in his opinion in *Scott* v. *Nevius*, holding that an interest of the beneficiary in such a trust cannot pass to a receiver in supplementary proceedings, says: "If there was already an accumulation in the hands of the executors, it might doubtless be reached by an order in this proceeding or by a proceeding under § 294. But it has been held, that it cannot be anticipated. But this does not import that on a proper bill, filed, such surplus may not, by proper directions, be secured to the creditor. On the contrary, the court may order a reference, to ascertain and fix the amount necessary for his support, and direct the executor to pay over the surplus for the satisfaction of the judgment."

*Locke* v. *Mabbett* (2 Keyes, 457, and S. C., 3 Abb., Ct. of Ap. Dec., 68), also decides that the surplus income cannot be reached by supplementary proceedings, but expressly leaves open the question whether it can be reached by action in equity. The learned judge, in *Campbell* v. *Foster*, while holding that §. 63, which renders the income inalienable, applies to trusts of personal estate, fails to advert to the fact that, if § 63 applies, § 57 must also, by the same reasoning, be applicable, and that that section expressly enacts that the surplus income shall be liable to the claims of creditors.

The argument of Judge Wright, that §§ 38 and 39 absolutely exempt the whole income from the claims of creditors, has been answered in many cases. It is obvious that the construction which he gives them would make them practically repeal section 57. Such a construction is by no means necessary. By section 38 jurisdiction is conferred upon the Court of Chancery in creditors' suits, to compel the discovery of any property belonging to the judgment debtor or held in trust for him, and to prevent the delivery or payment thereof to him. If the section had ended there, it is obvious that a literal interpretation of it would enable a creditor to stop all the income of a beneficiary under one of these trusts.

The exception is therefore added: " Except when such trust has been created by, or the fund so held in trust has proceeded from, some person other than the defendant him-

self." This does not necessarily conflict with the provision subjecting surplus incomes to the claims of creditors. Section 39 authorizes the Court of Chancery to decree satisfaction of the judgment out of any personal property held in trust for the debtor, "with the exception aforesaid." This exception was necessary. In its absence it might be held, that in case of a trust of personal property, satisfaction might be decreed out of the principal. But it is not inconsistent with the special provision, in case there is a surplus of income.

That these sections (38 and 39) do not present any obstacle to reaching surplus income under § 57, has been held in all the cases, except *Campbell* v. *Foster*, ever since the adoption of the Revised Statutes. In *Craig* v. *Hone* (2 Edw. Ch., 569, 70), V. C. McCoun, says, the object of § 38 was to prevent express trusts proceeding solely from the bounty of some third person, from being overthrown by these creditors' bills. It was enough to say that all beyond necessary support should be liable to the creditors of the *cestui que trust*. In *Hallett* v. *Thompson* (5 Paige, 583), the Chancellor says, that § 38 was intended to protect the beneficial interest of the *cestui que trust* only to the extent of a fair support out of the trust property. In *Rider* v. *Mason*, V. C. SANDFORD says, that §§ 38 and 39 are to be taken in connection with the Statute of uses and trusts, and thus construed, limited to the portion of the trust fund necessary for the support of the debtor and his family. In *Sillick* v. *Mason* (2 B. Ch., 79) these sections were not considered an obstacle to a decree in favor of the creditor for satisfaction out of the surplus income arising from real and personal property. In *Scott* v. *Nevius* (6 Duer, 672), Judge WOODRUFF says, that § 38 forms no impediment to such a decree. In *Graff* v. *Bonnett* (31 N. Y., 9) the right of creditors to reach the surplus is expressly recognized, and HOGEBOOM, J., in the prevailing opinion, construing §§ 38 and 39, holds that they do not conflict with that right. In *Campbell* v. *Foster* the report of the case states that six judges affirm on the ground that the

fund cannot be reached. But in view of the opinion in the case, which discards as immaterial the question whether the surplus could be reached by a proper suit, and the weight of authority in support of the proposition that it can, I think the report must be understood as meaning that the six judges held that the fund could not be reached in the proceeding then before the court. DAVIES, J., who was one of the judges, concurring in the decision in *Campbell* v. *Foster*, says, in the case of *Locke* v. *Mabbett* (2 Keyes), decided at the same time with *Campbell* v. *Foster*, that it is doubtful whether under §§ 38 and 39 such a fund can be reached, but he does not intimate that it had been so decided.

The case of *Wetmore* v. *Truslow* (51 N. Y. 338) does not touch the present case. It was not a suit to reach surplus income, but the whole, on the ground that the beneficiary was also a trustee.

My conclusion is, that as to the income of the real estate, the surplus income, beyond what is necessary for the suitable support of the debtor and those dependent upon him, in the manner in which they have been accustomed to live, is clearly applicable, under § 57, to the claims of his creditors. That as to the surplus income of the personal property, it is likewise so applicable. If it is alienable by the debtor, the cases concede that it can be reached. If inalienable, it is so only by virtue of § 63; and if § 63 applies to trusts of personalty, then § 57 also applies and subjects the surplus income to the claims of creditors.

The further point is made, that conceding the surplus income to be so applicable, no action can be maintained for its application until after it has accumulated in the hands of the trustees.

I find no authority for this proposition, except a single Special Term decision (*Hann* v. *Van Voorhis*, 15 Abb. Pr. [N. S.], 79), nor any reasonable ground upon which it can be sustained. It is only where the surplus is sought to be reached, as property of the debtor, or as a debt due from a third person, by supplementary proceedings, that such doc-

trine has been held, and as has already been shown by the
cases cited, those very cases concede that a different rule
would prevail in a suit like the present one. In *Sillick* v.
*Mason* (2 Barb. Ch., 79), the income of the beneficiary from
the trust fund was $2,500 per annum. The order was that
$2,000 per annum was sufficient for his support. That
$1,000 be allowed to him out of a half year's income due
when the bill was filed, and $1,000 out of each half year's
income thereafter to accrue. The surplus was to be retained
to abide the final decree, and was of course applicable to the
claim of the creditor. In *Clute* v. *Bool* (8 Paige, 83), the
Chancellor held that such an income was inalienable, and
said, for that reason that it could not be reached by a creditor
before it was due, and he intimates that the intent of the 57th
section was, that such surplus as might accrue from time to
time, should be liable to the claims of creditors, after it was
ascertained that it was not wanted and had not been
applied to his support as it became due, whether it
remained in the hands of the trustees or had been received
by the *cestui que trust*. But no such point was decided
in the case. The income was only $400, and the creditor
claimed the whole of it, and there was no allegation that
it was more than sufficient for the debtor's support. It
is manifest from the statement of the proposition, that if the
views of the Chancellor were correct, the provision of the
57th section would afford no substantial protection to credit-
ors and would simply announce a principle without affording
any means of giving it practical operation. But such a con-
struction is not admissible. The section does not say that the
surplus not spent by the *cestui que trust* shall be liable for his
debts, but the surplus beyond the sum that *may be necessary
for* his support and education. It is clear that when a case
arose, the Chancellor himself did not adhere to his dictum
in *Clute* v. *Bool*, for in *Sillick* v. *Mason* he fixed the sum
necessary for support and directed the retention of the sur-
plus of future installments of income. This was recognized
by V. C. SANDFORD and by Judge WOODRUFF as the

proper course in the cases cited, and by BOSWORTH, J., in *Genet* v. *Foster* (18 How. Pr., 50), also in *Moulton* v. *DeMacarty* (6 Rob., 533), and there is no case, except *Hann* v. *Van Voorhis*, holding that the provisions of § 57 can be carried into effect in any other manner. The cases which require that the income should have been realized are all cases of supplementary proceedings. *Hann* v. *Van Voorhis* was a motion for an injunction at Special Term, and was decided on the strength of *Campbell* v. *Foster*, the judge apparently considering that that case decided that no part of the income could be reached by a judgment creditor unless it had accumulated beyond the wants of the *cestui que trust*, and was in surplus by accumulation arising from the failure of the latter to spend or appropriate, or from some other cause. For the reasons already stated, I think *Campbell* v. *Foster* does not so decide, and that such would not be a reasonable interpretation of the statute.

The order should be affirmed with costs.

All concur.

Order affirmed.