ELIZA McEWEN, Appellant, v. EUGENE A. BREWSTER,
as Executor, etc., and others, Respondents.

*Agreement to pay money out of a trust fund — when not an assignment thereof —*
*Surplus income of cestui que trust — how reached.*

The plaintiff was entitled to receive the interest and income of certain personal
property held by the defendant Brewster as executor, during her life. One M.
agreed to give plaintiff a home, and support and maintain her in consideration
of receiving the income to which she was entitled under the will; in pursuance
of which plaintiff gave to him a power of attorney to receive the income from
the executor, which has never been revoked.

In an action by the receiver, appointed in supplementary proceeding instituted
on a judgment against M., to recover surplus income in the hands of the
executor, *held,* that neither the agreement nor the power of attorney operated
as an assignment of the income to M., and that the receiver was not entitled
thereto.

The surplus income of a *cestui que trust* cannot be reached by a receiver in sup-
plementary proceedings.

A judgment-creditor after execution issued and returned unsatisfied may main-
tain an action therefor.

*Campbell* v. *Foster* (35 N. Y., 361), followed; *Williams* v. *Thorn* (70 id., 270), ex-
plained.

Appeal from a judgment entered upon the report of a referee.

The money in question (the income of certain trust funds) is
claimed by the plaintiff in this action, brought for the recovery
thereof from the executor holding the fund; it is also claimed by
the defendant Weed, a receiver appointed in supplementary pro-
ceedings under a judgment in favor of Caroline Millspaugh against
this plaintiff for her board and support, and by the defendant Par-
menter, a receiver under a judgment against Newton B. Millspaugh,
the husband of Caroline Millspaugh. The referee decided that
the last named receiver was entitled to it. From the referee's
findings it appeared, among other things, that Peter Neafie died
leaving a will, which contained the following provisions, to wit:

That the executor should keep the proceeds of the testator's
personal estate invested during the lives of his wife Margaret and
her sister Eliza McEwen, and during the lifetime of the survivor
of them, and pay over the interest and income thereof to the said

Margaret and Eliza, during their lives in equal shares and to the survivor during her life.

The plaintiff is the Eliza McEwen above mentioned, and the defendant Eugene A. Brewster is one of the executors named in said will, and now holds the fund derived from said personal property, amounting to $4,000, for the said uses and purposes, and that the widow Margaret died many years since ; the said Eliza McEwen is seventy-eight years of age, and is a feeble person, and has no other source of income than that receivable under the provisions of said will.

The said provision was made by the said Peter Neafie for her support and maintenance. The plaintiff has boarded with one Newton B. Millspaugh for more than eighteen years past, under the following agreements : Millspaugh was to give her a home, furnish her with clothes and what she should need, and was to take the income under the will for his pay, and about the same time, to wit, on the 26th day of December, 1859, the plaintiff executed to Millspaugh a power of attorney authorizing him to receive the income from the executor. This power of attorney was deposited with Mr. Brewster the executor, and has not been revoked. The arrangement was communicated to the said executor and he acquiesced in it, and from time to time paid over the income to said N. B. Millspaugh.

At the time of the commencement of this action, the said plaintiff still resided with said Millspaugh, and he had up to that time furnished and provided her maintenance and support as agreed, and had actually received from the said executor the said income except the sum of $500, which still remains in the hands of the said Brewster, although said Millspaugh had demanded the same ; the said income was not any more than a just equivalent for said maintenance.

One Caroline Millspaugh, the wife of said Newton B. Millspaugh, heretofore brought an action against Eliza McEwen to recover for the same board and maintenance, which is hereinbefore mentioned as having been furnished by said Newton B. Millspaugh, and judgment upon an offer was entered for the same, and proceedings were had thereunder to reach the $500 in the hands of the defendant Brewster, as property in the hands of a third person belong-

ing to the judgment debtor; an injunction order was issued in such proceedings and served on the defendant Breswter, which still remains in full force, and by an order dated March 17, 1877, the defendant Harvey Weed, jr., was duly appointed receiver of the debts, property, etc., of the said Eliza McEwen, and the defendant Brewster was therein restrained from making any disposition of property in his hands belonging to said Eliza McEwen. This order was also served on the defendant Brewster and still remains in full force. Such proceedings have heretofore been had in this court that by an order dated the 20th day of September, 1876, the defendant Samuel J. Parmenter was appointed receiver of the debts, property, etc., of the said Newton B. Millspaugh.

The referee in the present action found as conclusions of law that the balance of the income in question, to wit, the sum of $500 which still remains in the hands of the defendant Brewster, must be regarded as having been received by the plaintiff and applied and paid over to her use, and as having been transferred to said Newton B. Millspaugh, in payment for the support of the said Eliza McEwen, and as so much money in the hands of said Brewster belonging to said Millspaugh; that although the plaintiff could not alienate said income, yet by her acquiescing in and acceptance of board and maintenance under the arrangement above set forth, and in permitting the said Millspaugh to expend the money and do the labor necessary to furnish such maintenance, she is equitably estopped from denying that the said income was applied to her use and has been transferred to, and became the property of said Millspaugh; that the right and property of the said Millspaugh in the said sum of money passed to said Samuel J. Parmenter as receiver, etc., by virtue of his appointment as such.

*Chas. H. Winfield*, for the appellant.

*Howard Thornton* for Parmenter, receiver, respondent.

Dykman, J.:

By his last will and testament, Peter Neafie directed his executors to keep the proceeds of his personal property invested during

the lives of his wife and Eliza McEwen, the plaintiff, and during the life-time of the survivor of them, and pay the interest and income therefrom to them, during their joint lives, in equal shares, and to the survivor during her life. The wife of the testator is dead, and Mr. Brewster, as one of the executors, has the fund invested, and there is now in his hands about $500 of the accumulated income. This money is claimed by the plaintiff in this action, by the defendant Weed, a receiver appointed in supplementary proceedings under a judgment in favor of Caroline Millspaugh against this plaintiff for her board and maintenance, and by the defendant Parmenter, a receiver under a judgment against Newton B. Millspaugh, the husband of Caroline Millspaugh, and the referee has decided that the last receiver is entitled to it. This conclusion is based upon the fact found by the referee that Newton B. Millspaugh agreed to give the plaintiff a home, furnish her with clothes and what she should need, and to take the income under the will for his pay; and that, about the same time, the plaintiff gave him a power of attorney to receive the income from the executor, which has never been revoked. The referee further finds, as a legal conclusion, that, by acquiescing in and accepting board and maintenance under this arrangement, the plaintiff is estopped from denying that the income was applied to her use, and has been transferred to and become the property of Millspaugh.

If this fund can now be reached by Parmenter, as receiver, it must be through Millspaugh, and because it belonged to him. It did not belong to him, unless it had been in some way transferred to him. Has that been done ? In the first place, the contract with Millspaugh was nothing more than an agreement to pay him out of this particular fund. That did not amount to an assignment of it. There was no appropriation of the fund, by order upon it or otherwise, by which the executor would have been justified in paying it to the creditor, without the further interference of the plaintiff, and because the fund belonged to the plaintiff, a power of attorney was necessary to authorize the executor to pay the money to Millspaugh for her. She controlled the fund, and could have revoked the power of attorney at any time, and required the payment to be made to her personally.

Certainly the power of attorney did not operate to assign the fund. That only created an agency to draw money belonging to the principal for her, and the acceptance of it was an acknowledgment of that relation, and an admission that the money to be drawn did not belong to the attorney, but was the money of the plaintiff.

The referee fell into an error, and the judgment entered on his report must be reversed, with costs; but, as there will probably be a new trial, it may be well to indicate our views respecting the ultimate rights of these parties.

A receiver in supplementary proceedings cannot take the interest of a beneficiary in a trust fund, because it is inalienable and cannot maintain an action to reach the surplus income beyond what is required for the support of the debtor. (*Campbell* v. *Foster*, 35 N. Y., 361.) In the recent case of *Williams* v. *Thorn* (70 N. Y., 270), it was held that an action may be maintained by a judgment creditor, after the returns of an execution unsatisfied, to reach surplus income beyond what is necessary for the suitable support and maintenance of the *cestui que trust*, and those dependent upon him. The doctrine of *Campbell* v. *Foster* on the point above mentioned is expressly recognized. Neither of these receivers can, therefore, reach this fund. Caroline Millspaugh might reach it by a direct action upon her judgment, after execution returned, but she has commenced no such action.

It follows, therefore, that the plaintiff is entitled to recover in this action.

Judgment reversed, with costs.

BARNARD, P. J., and GILBERT, J., concurred.

Judgment reversed and new trial granted at circuit, costs to abide event.