WILLIAM MANNING, RESPONDENT, v. KATHRINE M. EVANS, APPELLANT.

*Supplementary proceedings — title to real estate passes to receiver appointed in, without a transfer from the debtor — beneficial interest under a trust cannot be reached in.*

Defendant's father died, leaving a will by which he devised to his trustees, among other property, a house and lot in Rochester, in trust to give to the defendant "the free and unrestrained use, occupation and possession thereof during the term of her natural life only," and on her death to convey it to her children in fee. He also directed the trustees to pay to his widow a specified amount out of the income to arise from certain personal securities, and to divide any surplus of such income among his children, and on the widow's death, to pay each daughter then living the income of a certain share of the estate during her life. The widow was still living, and in possession of the house and lot, and it was not shown that there was any surplus income to divide.

The order appealed from required the defendant to transfer to a receiver appointed in supplementary proceedings, all her interest in said house and lot and all her right, title and interest, in possession and expectancy, of, in and to the annual income arising from the personal property.

*Held*, that so far as it required the transfer of any legal estate she might have in the real estate it was unnecessary, as all her alienable interest therein vested in the receiver on his appointment and the filing and recording of his bond and the order appointing him.

That so far as any beneficial interest she might have in the rents and profits of the land, or the income of the personal property was concerned, only so much

thereof could be reached as was unnecessary for her support, and that only in a direct action for that purpose.
That the order should be reversed.

APPEAL from an order made by the special county judge of Monroe county, in supplementary proceedings, directing the defendant to assign certain specified property to a receiver.

*J. & Q. Van Voorhis*, for the appellant.

*C. J. McDowell*, for the respondent.

SMITH, J. :

The defendant is a married woman, residing in Rochester. Her father, who resided in Canada, died in 1874, and devised the greater part of his property to trustees. Part of the property was a house and lot in Rochester. In respect to that, the trust was to give to the defendant " the free and unrestrained use, occupation and possession thereof during the term of her natural life only," and after her death to convey the same to her children in fee. The testator left personal property also, of the value of $29,000, invested in British securities, the income of which the trustees were directed by the will to pay to the testator's widow to a specified amount, and in case there should be a surplus, to divide it among the testator's children, and after the death of the widow to pay to each of the daughters then living the income of a certain share of the estate during her life. The widow is still living, and it does not appear that there is any surplus. The defendant is in possession of the house and lot in Rochester.

The order appealed from directed the defendant to execute an assignment to the receiver of her interest in said house and lot, and also " all her right, title and interest, claim and demand whatsoever, both in law and equity, and in possession and expectancy of, in and to the annual income " arising from the said investments.

We think the order cannot be upheld, as to the real estate. That being situated within the jurisdiction of the court, an assignment is unnecessary. Whatever title, estate or interest the

defendant may have had in it capable of being aliened, if she had any at the time of the appointment of the receiver, became vested in the receiver, by virtue of his appointment, followed by the filing of the requisite security, and the entry and recording of the order of appointment in the proper clerk's office, without any conveyance being executed to him by the judgment-debtor. (*Wing* v. *Disse*, 15 Hun, 190.) If, however, she is to be regarded as taking a beneficial interest in the rents and profits merely, and not in the land itself, then, under our statutes of uses and trusts, her creditors can reach only the surplus of such rents and profits beyond the sum that may be necessary for her support. (1 R. S., 729, § 57.) The same rule applies to the income of the personal estate. (*Williams* v. *Thorn*, 70 N. Y., 270.) But, in either case, the technical legal interest of the beneficiary in the surplus cannot pass to a receiver in supplementary proceedings. Such surplus is not ascertainable in proceedings of that nature, but only in a suit where direct issue is made on the amount necessary for the debtor's support. (See *Graff* v. *Bonnett*, 31 N. Y., 9; *Campbell* v. *Foster*, 35 id., 361; *Scott* v. *Nevius*, 6 Duer, 672; *Williams* v. *Thorn, supra.*)

These views lead to a reversal of the order.

TALCOTT, P. J., and HARDIN, J., concurred.

Order appealed from reversed, with ten dollars costs and disbursements.