McAdam, J.
"The in the hands of the defendant are held by him in trust under the will of John C. Koch. ' The trust is, therefore, one created by a person other than the judgment debtor (Code § 1879). A judgment creditor might, nevertheless, by bill in equity reach any surplus that had accumulated in the hands of the trustees, and provision might be made in the judgment determining what would be a reasonable alloAvance for the cestui que trust, and directing the application towards the judgment of any future surplus until the same is fully paid (Williams v. Thorn, 70 N. Y., 270; Wait on Fraud. Convey., §§ 45, 360); and a receiver appointed in supplementary proceedings may seemingly maintain such an action (McEwen v. Brewster, 19 Hun, 337, overruling previous decision in same case reported in 17 Hun, 223). But that is not the nature of the present suit. The complaint proceeds on the theory that the judgment debtor was entitled at the time action was commenced, as of right, to money more than sufficient to satisfy the plaintiff’s judgment, and the prayer is for an accounting and decree directing the defendant to satisfy the demand at once. It appears that John C. Koch, the testator, died February 7, 1888, and by the tenth clause of his will he gives to his son (the judgment debtor) a legacy of $10,000, to be paid in installments of $1,000 each year, the first to be paid in one year after the decease of the testator. Under this provision the judgment debtor became entitled to $1,000 February 7, 1889, $1,000 February 7, 1890, and $1,000 February 7,1891, in all $3,000. The complaint further alleges that the judgment debtor owed the testator at the time of his decease $1,829.15, and that the defendant paid the judgment debtor $1,827.10. The two sums, aggregating $3,656.25, exceed the installments due the judgment debtor when this suit Avas commenced; hence there was nothing owing to him or his receiver at that time. The legacy to the son did *431 not discharge the debt he owed the testator, Rickets v. Livingston, 2 Johns. Cas., 97; Clark v. Bogardus, 2 Edw., 387, and cases collated in Redf. Surrogate’s Pr., 3 ed., 579. It was the duty of defendant, as executor, to first apply the debt pro tanto to the extinguishment of the legacy (Stagg v. Beekman, 2 Edw., at p. 92); and he could not postpone or avoid this duty. It is apparent, therefore, that an accounting cannot change these figures nor alter the result which follows. The plaintiff desired to amend his complaint by omitting, the allegations as to the debt. This would simply impose upon the defendant the duty of pleading and burden of proving the debt, which might be accomplished by reading in evidence the original complaint, in which its existence is affirmatively alleged (Fogg v. Edwards, 20 Hun, 90; Whitney v. Town, 53 Ib., 214); so that the amendment proposed has nothing of practical utility to commend it. The amendment could not alter the facts, and the application therefor will be denied and the complaint dismissed, without prejudice to a new action in suitable form at the proper time. Submit findings and order embodying the decision.”
Edward Grosse, for plaintiff, appellant and respondent, argued:—
I. The complaint alleges: That said defendant, as such executor, has now in his custody the amount of seven thousand nine hundred and thirty-five dollars and interest, the balance of said legacy in the tenth clause of the will mentioned, of which balance the sum of seven hundred and thirty-five dollars and interest is now due and payable by the terms of the tenth clause of said will, and the sum of sixty-five dollars became due on April 7 under the provisions of said agreement between Herman Koch and defendant, and has not been paid. There is no averment conflicting with this allegation, hut suppose there were, how can the plaintiff be deprived of his day in court to prove this allegation ?
*432 II. The legacy to Herman Koch is an absolute gift to him, and the money due to him by defendant is his absolute property. The plaintiff can invoke the court to have his title to it recognized, whether it is payable now or later.
III. The plaintiff is entitled to an accounting by virtue of the fact that money belonging to his estate is in defendant’s custody.
William O. Campbell, for defendant, respondent and appellant, argued:
I. The complaint does not state facts sufficient to constitute a cause of action. The complaint alleges : (1.) A legacy by John C. Koch, the testator, to Herman Koch, the cestui que trust, of $10,000, payable in ten years in amounts of $1,000 in each year. (2.) An indebtedness by Herman Koch to said estate of $1,829.15. (3.) Actual payments by said trustee, defendant herein, to Herman Koch, of $1,827.10. This would leave the account as follows on March 7th, 1891:
Amounts actually paid by defendant to Herman Koch .....$1,827 10
Amount of Herman Koch’s debt to estate . 1,829 15
3,656 25
Amount due to Herman Koch under the will ... . . . . 3,000 00
Overdrawn by Herman Koch . . . $656 25
The complaint further alleges an agreement between trustee and cestui que trust, whereby the trustee was to pay Herman Koch $65 per month in cash, and credit balances on indebtedness every year for ten years. Such an agreement, if made, was void, as it was the duty of *433 defendant as executor to first apply the debt pro tanto to the extinguishment of the legacy. Stagg v. Beekman, 2 Edw. Ch., 92. Further, the complaint alleges a trust created by a person other than the judgment debtor and seeks to reach the trust fund by this proceeding. This cannot be done. Code Civ. Pro., § 1879.
IT. Plaintiff cannot recover in this form of action. The trust herein is one created by a person other than the judgment debtor. The judgment creditor might, by a bill in equity, reach any surplus that had accumulated in the hands of the trustee, and provision might be made in the judgment determining what would be a reasonable allowance for the cestui que trust, and directing the application towards the judgment of any future surplus until the same is fully paid, and a Receiver appointed in supplementary proceedings may seemingly maintain such an action. Williams v. Thorn, 70 N. Y., 270; Wait on Fraud. Con., §§45, 360; McEwen v. Brewster, 19 Hun, 337. But that is not the nature of the present suit.
III. Plaintiff’s amended complaint was properly stricken out. The service of the amended complaint could have no other effect but that of delaying the action, and the defendant would have lost the benefit of a term. The Code of Civil Procedure provides for such contingencies, section 542. The only change made by the amended complaint was the omission of the allegation of debt due from Herman Koch to his father’s estate. This would merely impose upon the defendant the burden of alleging and proving the debt, which could be done by reading in evidence the orignal complaint in which the existence of the debt is affirmatively alleged under oath by the plaintiff. Fogg v. Edwards, 20 Hun, 90; Whitney v. Town, 53 Ib., 214.
IV. Where the complaint states no cause of action, even though the answer is insufficient, the defendant is entitled to judgment dismissing the complaint. Par *434 sons v. Hayes, 14 Abb. N. C., 419; S. C., 50 Super. Ct., 49; Harvey v. Brisbin, 16 State Rep., 42, citing and following People v. Booth, 32 N. Y., 397, and Nixon v. Bentley, 7 How., 316; Genet v. Kissam, 53 Super. Ct., 43; Richard v. Brice, 13 State Rep., 728; Young v. Brice, 18 Ib., 945. See also, Van Alstyn v. Freday, 41 N. Y., 176, where same ground was taken when plaintiffs moved for judgment alleging that answer was frivolous and false.
By the Court.—Dugro, J.
Of these appeals one is by the defendant from an order sustaining plaintiff’s demurrer to part of the answer, and from the judgment entered thereon. The others are by the plaintiff from an order striking out his amended complaint, and from a judgment dismissing the complaint.
The plaintiff’s appeals are decided against him upon the opinion of the learned judge who dismissed the complaint. It follows, that the order sustaining the demurrer, and the judgment thereon, must be reversed, for on a demurrer to an answer, the defendant may show that, on the face of the record, plaintiff is not entitled to final judgment. Parsons v. Hayes, 50 N. Y. Super. Ct., 29; Genet v. Kissam, 53 Ib., 43.
Sedgwick, Ch. J., and Gildersleeve, J., concurred.