(56 Misc. Rep. 465.)

GHERSIN v. THUOR. BLECHNER et al. v. SAME. GOULD et al. v. SAME. COHEN v. SAME.

(Supreme Court, Appellate Term. November 29, 1907.)

1. APPEAL—RIGHT OF REVIEW—"PARTY AGGRIEVED."

A judgment debtor sold real property, and under agreement with the purchaser part of the purchase money was deposited with trustees to hold for 90 days as security for the payment by the vendor of liens on the premises sold. In proceedings supplementary to execution, before the expiration of the 90 days, in which one of the trustees was examined under third party orders, the trustees were ordered to satisfy judgments out of the trust fund. *Held*, that the trustee examined was entitled to appeal under Code Civ. Proc. § 1294, providing that a "party aggrieved" may appeal, etc., except where the order of which he complains was made upon his default, since an unauthorized or illegal disbursement would render him liable to the purchaser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, §§ 947–952.]

2. EXECUTION—SUPPLEMENTARY PROCEEDINGS—CONTROVERSY AS TO OWNERSHIP OF PROPERTY.

Where a judgment debtor sold real property, and under agreement with the purchaser part of the purchase money was deposited with trustees as security for payment of liens on the premises, and a substantial dispute arises in a proceeding supplementary to execution between the certain judgment creditors and the trustee, not a party to the proceeding as to the ownership of the fund, its payment to the creditors should not be directed by the court, but they should be remitted to an action through a receiver.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 1157.]

Appeal from City Court of New York, Special Term.

Proceedings supplementary to execution in actions by Morris Ghersin, Max Blechner and another, William E. Gould and another, and Morris Cohen, judgment creditors, against Harry A. Thuor, judgment debtor. From orders in favor of the judgment creditors, William H. Chorosh, a trustee, appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Aaronstamm & Chorosh, for appellant.

Julius Blumofe, for respondents.

LEVENTRITT, J. On May 17, 1907, the defendant, the judgment debtor, sold certain premises to one Samuel Abeloff, and pursuant to the agreement under which the transaction was finally consummated the sum of $20,000 was paid over to William M. Seabury

and William H. Chorosh, as trustees, upon the understanding that of this amount $2,000 was to remain in their hands for a period of 90 days from May 17th, during which time the defendant agreed to pay any liens which might be filed against the premises. It was further provided that, in the event the defendant failed to satisfy these liens, the trustees were to hold the $2,000 until such time as the liens should be discharged of record. Of the sum deposited $1,600 remains in the hands of the trustees. The plaintiffs in these actions recovered judgments against the defendant, which by a strange coincidence aggregate $1,600. In proceedings supplementary to execution one of the trustees, Seabury, was examined under third party orders. Upon his testimony, showing the deposit of the $20,000, the payment thereout of $18,400, and a balance on hand of $1,600, orders were issued requiring the trustees to show cause why the several judgments of these plaintiffs should not be satisfied out of the funds in their hands. Upon the return day William H. Chorosh appeared and filed an opposing affidavit, setting forth the agreement between the defendant and Abeloff, that the 90 days had not expired, and that liens aggregating $3,000 had been filed against the premises, had not been discharged, and were then of record. Notwithstanding these facts, the court made orders requiring the trustees to satisfy the several judgments. From these orders, William H. Chorosh appeals.

Two questions are presented: (1) Has the appellant as trustee the right to appeal? And (2) is there merit in the appeal? We answer both in the affirmative.

The respondent argues that Chorosh is not, within the meaning of section 1294 of the Code, "a party aggrieved." We subscribe to a contrary view. The title to the fund in question is in the trustees, and they are directly responsible, in their management and disposition of the moneys, to the beneficiaries under the trust, one of whom is Abeloff, who was not a party to these proceedings. For an unauthorized or illegal disbursement the appellant would be answerable to Abeloff, for whose sole protection the trust fund was created. The orders requiring the appellant to pay the several judgments were absolute and mandatory. If they were unauthorized, and Chorosh obeyed them, he would not be relieved from Abeloff's claim to the full protection of the trust fund. It cannot be said, therefore, that the appellant was not aggrieved by the orders, or that they did not affect his property rights. Locke v. Mabbett, 2 Keyes, 457.

The answer to the second question is found in the statement of the legal principle applicable. Where a substantial dispute has arisen with respect to the ownership of a fund in the hands of a third party its payment will not be directed; the judgment creditor being remitted to an action through the medium of a receiver. Here not only is there a substantial dispute, but there is absolutely no proof that the judgment debtor has any present claim upon or right to the trust fund or any part of it.

The orders appealed from are reversed, with costs and disbursements, and the motions denied, with $10 costs in one proceeding. All concur.