(79 Misc. Rep. 516.)

DEMUTH v. KEMP et al. (two cases).

(Supreme Court, Special Term, New York County. February 20, 1913.)

1. TRUSTS (§ 151*)—INCOME—LIABILITY FOR BENEFICIARIES' DEBTS.
   Income payable under a trust can be subjected in equity to the claims of the beneficiary's judgment creditors, so far as it exceeds the amount necessary for his suitable support.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195, 195½, 197; Dec. Dig. § 151.*]

2. TRUSTS (§ 151*)—INCOME—PRIORITY OF ALIMONY OVER JUDGMENT CLAIM.
   An order requiring a testamentary trustee to pay a fixed amount from the income payable to a beneficiary as alimony to his wife is paramount to the rights of a creditor of the beneficiary to subject the income to a judgment obtained before the alimony order was entered.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195, 195½, 197; Dec. Dig. § 151.*]

3. DIVORCE (§ 255*)—ALIMONY—ORDERS—COLLATERAL ATTACK.
   An order fixing alimony cannot be attacked in a suit by the husband's creditor to subject trust income to the creditor's claim.
   [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 722–724; Dec. Dig. § 255.*]

4. TRUSTS (§ 151*)—INCOME—RIGHTS OF CREDITORS.
   A will making testatrix's son a beneficiary, but requiring application of a specified amount quarterly for the support and education of his children, does not authorize payments to the children after their maturity and marriage as against the son's creditors.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195, 195½, 197; Dec. Dig. § 151.*]

5. TRUSTS (§ 151*)—RIGHTS OF BENEFICIARY'S CREDITORS.
   Where a testamentary beneficiary is entitled to $15,000 income, less $3,000 alimony and $1,500 to cover execution of the trust, the excess over $3,000 allowed for his support should be applied to the payment of judgment against him.
   [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 195, 195½, 197; Dec. Dig. § 151.*]

Actions by Jeannette Demuth against George Kemp and another, and against George Kemp and others. Decrees for plaintiff.

James S. McDonogh, of New York City (Wm. M. Byrne and Francis X. McDonough, both of New York City, of counsel), for plaintiff.

Brewster & Farries, of New York City, for defendant Kemp.
John Larkin, of New York City, for trustees.

NEWBURGER, J. Plaintiff, a judgment creditor of the defendant George Kemp, seeks to reach some of the income under two trusts in the hands of the other defendants. The plaintiff recovered a judgment against the defendant George Kemp on the 17th day of May, 1902, for $41,324.63. In 1893 George Kemp, the elder, the father of George Kemp, died, leaving a last will and testament and three codicils thereto, which was duly admitted to probate by the surrogate of New York county on December 27, 1893. Under the will a trust was created for the benefit of George Kemp. On May 1, 1897, Juliet A.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Kemp, the widow of George Kemp, the elder, and the mother of George Kemp, died, leaving a last will and testament, which was probated by the surrogate of New York county. On January 16, 1900, an action was commenced in this court for a construction of the wills of George Kemp, the elder, and of Juliet A. Kemp. Thereafter, and on the 19th day of August, 1903, a judgment was entered decreeing that the defendant George Kemp was entitled, under the will of his father, to a trust that should produce $6,000 a year, and under his mother's will to one to produce $9,000 a year; so that, under the wills of his father and mother, the defendant George Kemp is entitled to receive $15,000 a year.

George Kemp is a nonresident, and resides most of the time in Paris, France, and, although it was stated that he was in this country, he did not appear in court during the trial. He is separated from his wife, and an action was brought by her against him in this court on the 19th day of July, 1903. By an order entered in that action by consent of the attorneys representing both parties, it was provided that the wife should receive as alimony for her support and maintenance the sum of $2,500 per year, and that such alimony should be paid to her by the New York Life Insurance & Trust Company out of the income accruing to the defendant George Kemp under the will of his father. On August 5, 1905, by an order duly entered, the amount of alimony was increased to $3,000 per year. It also appears that George Kemp has two children, both over age and married, and not depending upon him for their support and education. It is claimed that the trustees under the will of Juliet Augusta Kemp have paid over to the said children the sum of $5,000 annually. On the 29th day of September, 1910, an order was made by Mr. Justice Kelly directing an execution issue under section 1391 of the Code of Civil Procedure in favor of the plaintiff in this action against 10 per cent. of the income in the hands of the defendant trustees, and that, pursuant to said order, an execution was issued to the sheriff of New York County, which is still in his hands. The trustees, however, have not paid the amount, but claim to retain same under advice of counsel, although on an appeal to the Appellate Division of the Second Department said order was affirmed.

[1] Are the payments to the wife and children valid? As I understand it, the payment to the wife is defended upon the ground that this court, by an order duly entered, directed it. It has been repeatedly held that a trust created either from personal property or from rents and profits of real property, the surplus beyond the sum necessary for the support of the person for whose benefit the trust is created shall be liable in equity to the claims of judgment creditors, and that an action may be maintained by such creditor to reach the surplus income beyond what is necessary for the suitable support and maintenance of the cestui que trust and those dependent on him. Williams v. Thorn, 70 N. Y. 270; Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251; Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752.

[2] As the husband was bound to provide for the support of his wife, is the order fixing her alimony at $3,000 binding upon his cred-

ttors? It was made upon consent, and after plaintiff herein had obtained her judgment against defendant. While the order is in force, it is paramount to the rights of judgment creditors. Thompson v. Thompson, 52 Hun, 458, 5 N. Y. Supp. 604.

[3] This order cannot be impeached in this proceeding, and, until it is vacated or modified, the trustees are bound to pay to the wife the amount awarded.

[4] The payment to the children the trustees claim they are directed to make under the will of Juliet Augusta Kemp, which provided:

"If at or before the expiration of any quarter in any year, computed from the expiration of three months next after the testatrix's death, her son George should produce to the trustees of the trust created by the first article of her will evidence satisfactory to them that during the three months immediately preceding the expiration of such quarter he has applied to the use and benefit, support, maintenance and education of his two children the sum of one thousand two hundred and fifty (1,250) dollars, then at the expiration of each such quarter such trustees should pay to the said George Kemp two thousand two hundred and fifty (2,250) dollars out of the net income of such trust; but that if during any such quarter year said George Kemp shall fail to produce evidence satisfactory to such trustees that he has during the three months immediately preceding the expiration of such quarter applied the sum of one thousand two hundred and fifty (1,250) dollars to the use and benefit, support, maintenance and education of his said two children, then, and in every such case, at the expiration of such quarter such trustees are directed to pay the sum of two thousand two hundred and fifty (2,250) dollars out of the net income of said trust estate to such of the children of testatrix's husband, George Kemp (other than her son George), as shall then be living."

It will be seen from a reading of this will that Juliet Augusta Kemp intended that her son George should support and educate his children. In other words, she directed the trustees to see to it that her son should do what he was required to do by law and morals to educate and maintain his children. But can this provision of her will be enforced as against the creditors of her son after his children arrive at age and are married? The provision in the trust created by Mrs. Kemp for the benefit of her son George, that the income should be paid to him provided that he gave satisfactory evidence that he expended $1,250 quarterly for the support and education of his children, read in connection with the other provision of the trust, must be construed to mean through the minority of the children, and while they were a charge upon their father. It is to be noticed that no provision is made in the will for the support of the wife. It cannot be claimed that a parent is required, either in morals or law, to support adult children who have married and who do not live with him. I am therefore of the opinion that the trustees are no longer to pay to the two children of George Kemp the sum of $5,000 annually, but should be directed to pay the same toward the satisfaction of the plaintiff's judgment.

It is elementary that the income from a trust is chargeable with the debts of the beneficiary, and a court of equity has the undoubted right to apply so much of the income as may not be required for the support and the benefit of the cestui que trust to the payment of his debts. In Tolles v. Wood, 16 Abb. N. C. 1, it was held:

"(1) When a trust has been created by one person for the benefit of another, which provides for the payment of the income of the trust fund to the beneficiary, a judgment creditor of the beneficiary is entitled to maintain an action in equity to reach and recover the surplus income beyond what is necessary for the suitable support and maintenance of the cestui que trust and those dependent upon him. Code Civ. Proc. §§ 1871–1879; Williams v. Thorn, 70 N. Y. 270; Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236; Craig v. Hone, 2 Edw. Ch. 570. (2) This rule applies as well when the income is derivable from a trust of personal property as that from real estate. Hallett v. Thompson, 5 Paige, 583; Williams v. Thorn, supra; section 57, art. 2, tit. 2, c. 1, part 2, R. S. 2182. (3) The disposition of such an income cannot be anticipated by the cestui que trust or incumbered by any contract entered into by him providing for its pledge, transfer, or alienation previous to its accumulation. Section 63, R. S. 2182; Graff v. Bonnett, supra; Scott v. Nevius, 6 Duer, 672. (4) The creditor of such a beneficiary acquires a lien upon the accrued and unexpended surplus income or that subsequently arising from such fund superior to the claims of the general creditors or assignee of the cestui que trust by the commencement of an action in equity to reach and appropriate it to the satisfaction of his judgment. Williams v. Thorn, supra. * * * In Sillick v. Mason, 2 Barb. Ch. 79, the chancellor said: 'The interest of the cestui que trust in such a trust as this, beyond what may be necessary for the support of himself and family, may be reached by a creditor's bill and applied to the payment of his debts.' The case showed that the beneficiary had lived in his father's family, uneducated to any business, and entertaining the idea that a fortune would be provided for him, and had a wife whom he supported. The chancellor said: 'Two thousand dollars would enable them to live respectably in New York according to their condition in life, even if the defendant should not think proper to do anything for his own support; and they should not upon a fair construction of the statute on this subject be permitted to indulge in extravagant expenditures while the defendant's creditors remained unpaid.' "

In Brearley School v. Ward, 201 N. Y. at page 372, 94 N. E. 1001, at page 1006 (40 L. R. A. [N. S.] 1215, Ann Cas. 1912 B, 251), it was held:

"There is recognized in every civilized country the obligation of a man to pay his debts if he has property out of which they can be satisfied, and the failure to do so is moral dishonesty. No one has a moral right to be dishonest. The income of the defendant in this case exceeds $3,000 a year. It is idle to say that the beneficiary cannot support himself or his family on less than that sum. It is only a small proportion of the people in this country who have such an income, and yet the vast majority of them live and support themselves and their families and notwithstanding pay their debts. Under the statute the earnings of the wage earner exceeding $12 a week are subject to the same sort of execution that has been issued in this case against the income of the defendant, and it would be very unfortunate if we were constrained to hold that the income from property held in trust for a debtor, often an idle member of society, should be more secure than that income which a man produces by his own toil and efforts. The decisions of the courts lead us to no such result."

[5] What would be a proper sum, therefore, to allow to George Kemp for his support? He cannot live extravagantly while he has debts to pay, nor can he say that he cannot support himself. It appears that George Kemp has been receiving from the trustees the sum of $5,500, the balance of income of $15,000 of the two trust funds, having paid as follows: To his wife, $3,000; to his children, $5,000; retained by the trustees to cover the execution, $1,500. I find that George Kemp should be allowed $3,000 for his support, and having held that the trustees were justified in making the payment of $3,000 to the

wife, there remains a balance of $9,000 of the income that should be applied to the payment of plaintiff's judgment; the decree to provide that the plaintiff is to withdraw the order heretofore made directing the trustees to pay to the sheriff 10 per cent. of the income.

Submit findings and decree in accordance with these views.