STAGG v. BEEKMAN and others, executors of RUTGERS, deceased.

A trust is not to fail for want of a trustee or from any other cause, unless it would be inconsistent with public policy or the law of the land

In equity, a mere bequest by a creditor to his debtor is not necessarily or even *prima facie* a release of a debt. The court requires evidence clearly expressive of the intention. If it be neither expressed nor apparent upon the will, evidence *aliunde* may be admitted.

H. R., by his will, bequeathed $1,000 to H. R. S. By a codicil, he devised a lot of ground to the same person in fee. But by an after-codicil, he revoked both the legacy and devise; and directed his executors to hold them for the sole benefit of the said H. R. S., subject to the order and direction of the court of chancery and so that his creditors should take no part of it. And if this could not be done, then the whole of the said devise and bequest were to sink into the residue. Afterwards, H. R. S. borrowed $500 of the testator, and gave a promissory note for the amount payable in a year with interest. *Held*, that the executors were trustees for the said H. R. S. as to the rents and income of the lot and bequest; that there was no lapse as to these; and that under the circumstances the debt of $500 was to be deducted and the balance only of the $1000 considered as held in trust for him.

The late colonel Henry Rutgers made his will and also added several codicils to it. By the will, he directed his executors to pay the sum of one thousand dollars to Henry Rutgers Stagg, the complainant, which he gave and bequeathed to him for ever. He directed that all his devisees and legatees should receive the shares and bequests free from any charge ; and authorised his executors, at their discretion, to compound debts where the debtors, from misfortune or otherwise, might be unable to pay or, if his executors thought it just, to forbear suing such debtors altogether.

By one of the codicils, there was a devise in favor of the complainant in the following words : "I also give and de- "vise that certain lot of ground in Market street aforesaid, "distinguished on said map as lot number 455, unto Henry "Rutgers Stagg his heirs and assigns for ever." By an af- ter-codicil, the testator directed that the devise of a lot of land to Henry Rutgers Stagg and the legacy theretofore be- queathed to him should be revoked : and he ordered and di-

*June 24th.*
1833.

*Will.*

*Legacy.*

*Legatee owing testa-
tor. Trust.*

12

rected his executors to hold the same for his personal use and benefit: subject to the order and direction of the court of chancery, his will being that the creditors of the said Henry Rutgers Stagg should not take the same or any part thereof, but the same should be applied solely for his personal benefit—and, if by law that could not be done, then the whole of the said devise and personal bequest should lapse and be a part of the residuary estate.

The complainant had, on the sixteenth day of September one thousand eight hundred and twenty six, given to the testator (for money borrowed) his note, for repayment of five hundred dollars within a year from the date. It was conceded that he was poor and would be unable to pay the note: unless the amount was taken out of the legacy.

The case was submitted to the court upon the following questions:

1st. Whether the devise and legacy to the complainant could be preserved by this court or whether it lapsed?

2nd. If they did not lapse, whether, under the circumstances, the amount of the note was to be deducted from the legacy of one thousand dollars and the balance paid or whether the whole of such sum was to be paid?

3rd. Whether, if the court sustained the devise and legacy, the defendants ought not to pay the costs and expenses of the suit out of the estate?

And it was agreed between the parties that the devise and legacy should be conveyed to a trustee, in case they were so sustained—and the same, as to any balance.

Mr. *H. E. Davies*, for the complainant.

Mr. *John L. Riker*, on the part of the defendants.

THE VICE-CHANCELLOR:—As the codicil revokes the bequest of the legacy and the devise of the lot, and substitutes the direction to the executors to hold the same for the complainant's personal use and benefit (subject to the order and direction of the court), it is manifest the testator intended to create a trust which equity should protect and preserve, if possible, for the benefit of the complainant, to the exclusion

of his creditors; and if this could not be done, then for the same to fall into the residuum of his estate. This is an intention which the court is competent to carry into effect, by declaring the executors to be trustees for the purpose or by appointing other persons trustees and directing the due application of the rents and income. This is a power which the court has by virtue of its general and exclusive jurisdiction over trusts; and will exercise it in all cases, upon the principle that a trust is not to fail for the want of a trustee nor from any other cause—unless it be inconsistent with public policy or against the law of the land.

Although the provisions of the Revised Statutes, in relation to wills, are not to affect the construction of those which were made previous to the year one thousand eight hundred and thirty (2. R. S. 68. §. 70.) yet, I apprehend, other provisions of the statutes, in relation to the creation and division of estates and to uses and trusts do apply; since this will took effect from the death of the testator, and which was subsequent to the month of January one thousand eight hundred and thirty. So far from prohibiting such a trust as is here proposed, the statute expressly authorises it: 1. R. S. 728. §. 55. Rents and profits of lands may be applied to the use of the *cestui que trust* during life or left to accumulate for certain purposes and within certain limits. It is only when no valid direction for accumulation is given that the surplus of rents and profits, beyond what is necessary for the support of the person for whose benefit the trust is created, shall be liable in equity to the claims of creditors. And it is declared that every valid express trust will vest the whole estate in the trustees both at law and in equity, subject only to the execution of the trust, &c.: 1. R. S. 729. §. 57 to 60.

I think it very clear the trusts in the present case may be declared in conformity with these regulations and consistently with the will and designs of the testator, so as to prevent a lapse. And, consequently, the complainant be entitled to the benefit of the bequest and devise. But then comes the question, as to what extent this can be done? It appears he is to have the benefit of them for his personal use for life and so that his creditors are not to take any part of the same.

The whole is made subject to the order and direction of the court of chancery—the court may allow an accumulation—or (if necessary for his support) the principal of the legacy and the capital of the trust-property may be broken in upon for such a purpose. The remainder after his life-estate is not expressly disposed of by the codicil: but, considering the trust as intended to be a substitute for the previous absolute devise and bequest and that this court is to order and direct the settlement and limitation of the estate and the same is only to sink into the residue in case it cannot be secured for the complainant solely, I am of opinion the remainder may be limited in the trust to the heirs of the complainant as a devise in fee. This might appear rather a forced construction, if the peculiar circumstance of the case did not warrant it.

The next question is, whether the note for five hundred dollars made by the complainant, held by the testator, and given for money advanced to the former by the latter, is to be deducted from the legacy of one thousand dollars?

After making the codicil, by which the legacy, in the first instance, was given, the testator advanced the sum of five hundred dollars to his legatee and took his promissory note, payable one year after date, with interest. The deceased made the last codicil nearly three years after the date of the will; and thereby converted the legacy into a trust fund, without making mention of the note.

At law, a testamentary act cannot operate as a release of a debt owing to the testator; while, in a court of equity, it may sometimes have the effect of extinguishing the debt: *Ram on Assets*, 469. A mere bequest, however, of a legacy by a creditor to his debtor is not necessarily or even *prima facie* a release or extinguishment. The court requires evidence clearly expressive of such an intention, before it will give effect to the act. If this intention is not expressed or rendered apparent on the face of the will, then evidence *aliunde* will be admitted to prove an intention to release or discharge it: 2. *Roper on Legacies*, 37. 62. 64.

In the present case, the evidence of such intention is wanting; and the contrary is plainly inferrable. The amount of bounty is fixed in the shape of a pecuniary legacy of one thousand dollars; an advance of five hundred dollars after-

wards takes place; a note is given for it; this note is kept in the testator's possession uncancelled; and in the last codicil nothing appears to show an intention to increase the bounty beyond what was originally contemplated; such however, will be the effect, provided the complainant can retain the sum advanced and also receive the benefit of the whole original bequest:—taking the note and preserving it among his papers, are all circumstances which clearly indicate that the testator intended the advance should remain as a debt against his legatee and be deducted and retained by his executors. This they have a right to do: *Jeffs* v. *Wood*, 2. P. Wms. 128.; *Rankin* v. *Barnard*, 5. Mad. R. 32.

The clause in the will authorising the executors to compound with any of the debtors to the estate and to forbear suing altogether, is not sufficient to warrant a contrary conclusion. It does not go to the extent of releasing the debtors. It shows the humane and benevolent feelings of the testator towards those who might be poor and unfortunate; and, although the complainant may be of that class, still the executors would hardly be justified, under their discretionary power, in suffering the opportunity to pass of realizing this debt by a non-exercise of their right to retain and deduct the amount of the note and interest out of the legacy.

The balance only must be considered as held in trust for him.

A provision made by the will for the costs and expenses of carrying its trusts into effect, may fairly be considered as embracing the costs of this suit. They must be paid out of the remainder of the testator's estate.