BENJAMIN F. ROGERS, APPELLANT, *v.* ANDREW MURDOCK, AS EXECUTOR, ETC., OF HELEN P. VALENTINE, DECEASED, AND OTHERS, RESPONDENTS.

*Right of an executor to a lien on a legacy for an amount due from a legatee to the testator — when such right may be exercised, as to a debt which is barred by the statute of limitations — Code of Civil Procedure, § 380.*

In this proceeding, instituted by an executor to have his accounts finally settled, it appeared from the account that there was in his hands the sum of $810.96, being the amount unpaid of a legacy given by the will to the appellant, and that the appellant was also entitled, as one of the next of kin, to a distributive share of the estate; that among the assets in the hands of the executor were two claims against the appellant, consisting of a promissory note made by him for $267, with interest from April 7, 1875, and a justice's judgment recovered against him on August 31, 1877, for $67.33, each of which was wholly unpaid, and each of which accrued more than six years prior to the death of the testatrix. The appellant served an answer admitting the claims and setting up the statute of limitations.

*Held,* that the executor had a lien on the legacy and distributive share of the appellant, so in his possession, for the payment of the said claims, and that a decree directing that the amount of said claims be deducted from said legacy should be affirmed.

*Smith* v. *Kearney* (2 Barb Ch., 533) followed.

That the equitable lien and right of retainer existing in this case was not affected by the statute of limitations, as that statute (Code of Civil Pro., § 380, etc.) did not raise a presumption of payment, but merely created a bar to the remedy by action.

That the doctrine that where there is a legal and also an equitable remedy in respect to the same subject-matter, the latter is under the control of the same statute bar with the former, was inapplicable to this case, as that rule only applied to an action, or a proceeding in the nature of an action, brought to enforce an equitable remedy, in which the statute was set up as a defense, while in this case no affirmative action on the part of the executor had been taken, or was required to be taken, to make his lien and right of detention available.

*Smith* v. *Remington* (42 Barb. 75); *Borst* v. *Corey* (15 N. Y., 505); *Rundle* v. *Allison* (34 id., 180); *McCartee* v. *Camel* (1 Barb. Ch., 456) distinguished.

Appeal from a decree of the Surrogate's Court of Cayuga, settling the accounts of Andrew Murdock, as executor, etc., of Helen P, Valentine, deceased.

*Howland & Wheeler*, for the appellant.

*F. E. Storke*, for infant respondents.

*D W. Hurlbut*, for executors and others, respondents.

Smith, P. J.:

The appellant is a legatee under the will of the said executor's testatrix, and the amount of his legacy in the hands of the executor unpaid is $810.96, as stated in the account. He is also entitled, as next of kin, to a distributive share of the estate. Among the assets in the hands of the executor are two claims against the appellant, consisting of a promissory note made by him for $267, with interest from 7th April, 1875, and a justice's judgment recovered against him on 31st August, 1877, for $67.33, each of which is wholly unpaid, and each of which accrued more than six years prior to the death of the testatrix. On the accounting the infant respondents appeared by guardian and interposed an answer asking that the executor's accounts be surcharged with the amount of said claims

against the appellant, and the sums charged to him. The appellant replied to the answer, admitting the claims and setting up the statute of limitations. The surrogate found the facts as above stated, and held as matter of law that the executor has a lien on the legacy and distributive share of the appellant, so in the possession of the executor, for the payment of said claims, and he directed that the amount of said claims be deducted from said legacy, and that the executor pay the remainder of the legacy to the appellant. From the judgment entered upon that direction, this appeal is taken In *Smith* v. *Kearney* (2 Barb. Ch. R., 533), Chancellor WALWORTH said that the right of an executor or administrator to retain the whole, or a part, of a legacy or distributive share, in discharge or satisfaction of a debt due from a legatee or distributee to the estate, is not only consistent with the soundest principles of equity, but is perfectly well settled. (P. 547.) He also remarked, as the result of the cases cited by him, that it is not a mere question of legal offset, but of equitable lien and right of retainer, and that the right to retain depends upon the principle that the legatee or distributee is not entitled to his legacy, or distributive share, while he retains in his own hands a part of the fund out of which that and other legacies or distributive shares ought to be paid, or which are necessary to extinguish other claims on that fund. (P. 549.)

The equitable lien and right of retainer referred to exist in this case, and are not affected by the statute of limitations. That statute (Code of Civil Pro., § 380 *et seq.*) does not raise a presumption of payment, but merely creates a bar to the remedy by action. (*Smith* v. *Kearney, supra ; Stagg* v. *Beekman,* 2 Edw. Ch., 89 ; *Kincaid* v. *Richardson,* 25 Hun, 237; *Matter of Bogart,* 28 id., 466; *Rose* v. *Henry,* 37 id., 397.)

The doctrine that where there is a legal and also an equitable remedy, in respect to the same subject-matter, the latter is under the control of the same statute bar with the former, is inapplicable to the present case. The rule relates to an action, or a proceeding in the nature of an action, brought to enforce an equitable remedy, in which the statute bar is set up as a defense. The cases cited by the appellant's counsel are of that description. *Smith* v. *Remington* (42 Barb., 75), was a proceeding in a Surrogate's Court instituted by a legatee against an executor to compel the payment of

a legacy. *Borst* v. *Corey* (15 N. Y., 505), was an action to enforce a vendor's equitable lien for purchase-money *Rundle* v *Allison* (34 N. Y., 180), was an action against executors to recover certain moneys alleged to have been received by their testator in trust for the plaintiff. In *McCartee* v *Camel* (1 Barb. Ch. R., 456), the rule was stated thus : " In analogy to the statute of limitations, suits by creditors, legatees or distributees, before a surrogate, to obtain payment of their debts or legacies or distributive shares should be instituted within the time in which suits of the same character are required to be commenced in the courts of common law or of equity."

If, in the present case, the executor were suing to recover the claims above mentioned, the rule would apply. But that is not the case. The only object of the proceeding instituted by the executor is to settle his accounts and distribute the assets of the estate. As the claims against the appellant have not been paid in fact, and no presumption of payment arises from the lapse of time, they are assets in the hands of the executor for which he must account. And as no affirmative action has been instituted, or is necessary on his part, to make his lien and right of detention available, the statute of limitations does not stand in his way.

The decree should be affirmed, with costs. We are asked to allow costs to each of the respondents separately. The question whether they are entitled to separate bills can [only be raised by motion at Special Term. It cannot be considered on this appeal.

HAIGHT and BRADLEY JJ., concurred.

Decree affirmed, with costs.