DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## 𝕵𝖚𝖑𝖞, 1894.

---

JOSEPH M. MULLINS and Others, by MARY E. MULLINS, their General
Guardian and Guardian ad Litem, Appellants, *v.* THOMAS F.
MULLINS, Respondent, Impleaded with Others.

*Will — the intention of a testator; although inaptly expressed, must be given effect —
words may be transposed for that purpose.*

The fact that a testatrix has used inapt language, in order to carry out a plan or
design contained in her will, is no reason why it should be defeated. Words can
be transposed and supplied, and interpretations given to phrases not accustomed
to be applied to them in order that expression may be given to the designs of a
testatrix, and it is the duty of the court, if possible, to place such interpreta-
tion upon the language used in a will as to give effect to the manifest intention of
the testatrix.

The second clause of the will of a testatrix was as follows :

"*Second,* I give, devise and bequeath the house and lot known and described
as Number 326 East 57th street, in the city of New York, unto my brother
Thomas Francis Mullins, in trust, nevertheless, to have and to hold the same
during the minority of the six children of my brother John Mullins, for the
benefit of said children. * * * On said children attaining majority I give,
devise and bequeath the house and lot devised in this paragraph to the said six
children and the issue of any deceased child, and the survivor or survivors of
them, share and share alike, issue to take *per capita* and not *per stirpes,* to have
and to hold the same to their own use and behoof forever."

*Held,* that, if the statute against perpetuities was not contravened, there was an
express trust created by such will to collect the rents during the minority of
such infants, and to apply the same to their use, and that the legal estate was in
the trustee therein named, who was entitled to the possession of the premises.

APPEAL by the plaintiffs, Joseph M. Mullins and others, by Mary
E. Mullins, their general guardian and guardian *ad litem,* from a

judgment of the Supreme Court in favor of the defendant Thomas
F. Mullins, entered in the office of the clerk of the county of New
York on the 15th day of May, 1894, upon the decision of the
court, rendered after a trial before the court without a jury at the
New York Circuit, dismissing the plaintiffs' complaint and for costs.

*W. H. Hamilton*, for the appellants.

*Emmet & Robinson*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover possession of house and lot
No. 326 East Fifty-seventh street in the city of New York. It
appeared upon the trial that one Ellen Hoey died seized of the
premises on the 26th of January, 1890, leaving a last will and testa-
ment, which was duly admitted to probate and letters testamentary
issued thereon to the defendant who was the executor therein
mentioned.

By said will the said Ellen Hoey devised the premises in question
as follows:

"*Second.* I give, devise and bequeath the house and lot known
and described as Number 326 East 57th street, in the city of New
York, unto my brother Thomas Francis Mullins, in trust, neverthe-
less, to have and to hold the same during the minority of the six
children of my brother John Mullins, for the benefit of said chil-
dren. * * * On said children attaining majority I give, devise
and bequeath the house and lot devised in this paragraph to the said
six children and the issue of any deceased child, and the survivor
or survivors of them, share and share alike, issue to take *per capita*
and not *per stirpes*, to have and to hold the same to their own use
and behoof forever."

Upon the death of the testatrix and the probate of the will the
defendant went into possession of this house and lot and has col-
lected the rents thereof. All the six children of John Mullins
mentioned in the will were at the time of the commencement of
this action infants under the age of twenty-one years, and this action
is brought by their guardian *ad litem* claiming possession of the
premises in question upon the ground that there being no valid
express trust to collect the rents of the premises during the minority

of the infants, there was a present devise of the same to the said infants and they are entitled to the possession thereof.

The court below disposed of the case upon the ground that the provisions of the will of Ellen Hoey contravened the statute against perpetuities in that the absolute power of alienation was suspended during the minority of the whole of the six children — necessarily, therefore, for more than two lives in being. This question, however, it does not seem to be necessary to consider in the disposition of this appeal; because it seems to us, upon an examination of the will, and being guided in the construction by the rule that the intention of the testatrix is to govern, if the statute against perpetuities was not contravened, there was an express trust to collect the rents during the minority of these infants and to apply the same to their use, in which case the legal estate would be in the trustee, and he would be entitled to the possession of the premises.

It is undoubtedly true that the draughtsman of the will has expressed the intention of the testatrix in perhaps inartificial language; but the intent seems to be perfectly manifest. By a previous clause in the will the testatrix had given to her brother, the defendant, the house adjoining the one in question; and it was her intention that the children of her brother John Mullins should have the other house upon their attaining their majority; and it was furthermore her undoubted intention that the children of her brother John, during their minority, should have applied for their benefit the rents which might be derived from the premises in question. In order to effectuate this object she devised the premises in question to her brother Thos. F. Mullins, in trust, to hold the same during the minority of the six children of her brother John for the benefit of said children, and then provided that upon the children attaining their majority such children were to have absolutely the premises in question. Here is a plain intimation upon the part of the testatrix that the defendant is to hold these premises for the benefit of these infants until they shall attain their majority, when they are to enter into full enjoyment of the bequest. It is clear that the holding of the premises for the use of the children implied the right upon the part of the trustee to enter into possession, to collect the rents and to apply them to the use of the infants. This is a trust expressly recognized by the statute, and, as has already been stated, authorized

the trustee to take possession of the premises, to collect the rents, and apply them to the use of the said infants. Simply because a testatrix has used inapt language in order to carry out this plan or design is no reason why it should be defeated. Words have been transposed, words have been supplied, and interpretations given to phrases not accustomed to be applied to them, in order that expression may be given to the designs of a testator. Therefore, in a case such as the one at bar, it is the duty of the court to place such interpretation upon the language used as effectuates the manifest intention of the testatrix.

We are of opinion, therefore, without determining the question as to whether there is a suspension of the power of alienation beyond that which is permitted by the statute, that the defendant as trustee has at least the right to the possession of the premises for the purpose of collecting the rents and applying the same to the use of the children of the testatrix's brother John until such children shall attain their majority.

This view is sufficient to dispose of the question involved in this action, and, therefore, we think that the judgment appealed from should be affirmed without our expressing any opinion upon the question as to the effect of the statute in respect to the suspension of the power of alienation.

The judgment should be affirmed, with costs.

FOLLETT and BARRETT, JJ., concurred.

Judgment affirmed, with costs.