(23 Misc. Rep. 547.)

PEIRSON et al. v. VAN BERGEN et al.

(Supreme Court, Special Term, New York County.   May, 1898.)

1. WILLS—CONSTRUCTION—ACTIVE AND PASSIVE TRUSTS.
    Testatrix devised property to persons named as trustees "upon trust" in equal shares for her son and daughter for life, with remainders respectively to the wife and husband of each for life, and remainders to their children, respectively, such as should attain to the age of 21 years, and, in default of children of either the son or daughter, then the share "so intended for their benefit" shall be "held by said trustees for the benefit" of the son or daughter surviving, and his wife or her husband and their children, as if included in their original share.  *Held*, that the will created an active trust for lives yet in existence.

2. TRUSTS—SALES IN PARTITION—AUTHORITY OF TRUSTEES.
    Where the trust, although voluntary, is an active one for lives still in existence, a sale for partition cannot be had, even on the trustee's consent. by one of the beneficiaries claiming as a remainder-man.

Action by Joseph Brower Peirson and others against Charles Van Bergen and others.   Dismissed.

Edmund Coffin, for plaintiffs.

Thomas D. Rambaut and Edward H. Wilson, for defendants Joseph R. and Susan R. Peirson.

George C. Holt, for defendants Anthony Van Bergen and Joseph Walker.

Payson Merrill, for defendant guardian ad litem, Susan Walker Peirson.

HISCOCK, J.   This is an action of partition, the premises involved being situated in the city of New York.   It was conceded upon the trial by the plaintiffs, and is undisputed, that an actual partition cannot be had of the premises, but that, if any disposition is made, it must be by a sale thereof.   The plaintiffs claim to be vested as remainder-men with the title to a portion of the premises in question, subject to certain life estates; that the persons holding such life estates have so consented in writing to a sale of the premises in accordance with the provisions of section 1533 of the Code of Civil Procedure; and that the same may be had and decreed herein.   Certain of the defendants, as the trustees and guardian ad litem above mentioned, have practically submitted their rights herein to the court. But other defendants, especially said Joseph R. Peirson and Susan R. Peirson, actively and affirmatively oppose plaintiffs' claims; among other defenses urging that the premises in question are now in the possession of said trustees under a valid trust for certain lives, and that they cannot give any such consent as is required under the section of the Code just mentioned, and that, therefore, there cannot be a sale of the premises decreed herein.   These contentions lead to a consideration of certain facts appearing herein, as follows:

Julia F. Peirson, the ancestor of the parties claiming an interest in the premises, died seised thereof July 3, 1886, leaving her surviving no husband, and but two children, Joseph R. Peirson and Julia Augusta Van Bergen, and also certain grandchildren, parties hereto, of whom the plaintiff is one, he being the son of Joseph R.

Peirson. She also left a last will and testament dated December 1, 1882, which has been duly admitted to probate, and which, after making certain personal and small bequests, provided as follows:

"And (subject to the payment of said legacies and annuities and of my just debts and my funeral and testamentary expenses) I give, devise, and bequeath unto the said Anthony Van Bergen and Jacob Walker [defendants herein, named as trustees in said will], and their heirs, executors, and administrators, all my real and personal estate whatsoever and wheresoever, upon the trusts following: As to one equal third share thereof upon trust for my said son Joseph R. Peirson for his life, with remainder for Susan, his wife, for her life, with remainder for their children or child living to attain the age of twenty-one years, and, if more than one, equally, share and share alike, as tenants in common; and, in default of any such children or child, then the said share so intended for the benefit of my said son Joseph Robert Peirson and his wife and their children or child shall be held by my said trustees for the benefit of my said daughter Julia Augusta Van Bergen and her husband or children or child, as if the same were included in the share hereinafter provided for my said daughter and her husband and children or child. And as to one other equal one-third part or share of my residuary real and personal estate my trustees shall hold the same upon trust for my said daughter Julia Augusta Van Bergen for her life for her separate use, with remainder for her husband, the said Anthony Van Bergen, for his life, with remainder for their children or child living to attain the age of twenty-one years, and, if more than one, equally, share and share alike, as tenants in common; and, in default of any such children or child of my said daughter and her said husband, then the said share so intended for the benefit of my said daughter and her said husband and their children or child shall be held by my said trustees for the benefit of my said son and his said wife and their children or child, as if the same were included in the share hereinbefore provided for my said son, his wife and children or child. And as to the remaining equal one-third part or share of my residuary real and personal estate my trustees shall hold the same upon trust for my said son-in-law Jacob Walker for his life, with remainder," etc.

By a codicil the third trust in behalf of Jacob Walker was cut out, the share originally covered thereby going to the son and daughter above mentioned under and in accordance with the provisions covering the other two shares respectively.

The question raised by the defense of Joseph R. Peirson and his wife above referred to is whether the language and provisions above quoted do create a valid trust at least during the life of Joseph R. Peirson and his wife and Augusta Van Bergen and her husband (for she was married), who, although dead, has left such husband surviving, who is a party to this action. It is claimed by the plaintiffs that no such valid trust was or is created, and that, therefore, the alleged trustees are not invested with any such title to the premises in question for the lives of said son and daughter and their respective wife and husband as stands in the way of this action or a sale of the premises. The defendants Peirson, upon the other hand, insist that the provisions were sufficient to create a trust, valid and recognized by our statutes, in the trustees to hold the property in question, including the premises involved in this action, during the life at least of Joseph R. Peirson and his wife and Augusta Van Bergen and her husband, to collect and receive the rents thereof, and pay them over to the beneficiaries in the shares designated. Of course, if the provisions do create such a trust as is last suggested, it is valid; and in accordance with the well-settled principles of trusts the trustees

could not give the consent which is necessary to the maintenance of this action, or, except under certain circumstances, be parties to the sale of said premises. Baldwin v. Humphrey, 44 N. Y. 609; Harris. v. Larkins, 22 Hun, 488; Losey v. Stanley, 147 N. Y. 560, 568,. 42 N. E. 8. I have reached the conclusion that the contention of the defendants Peirson is well founded, and that the provisions quoted do create a valid trust in the trustees named to hold the premises, and collect and receive the rents and profits, for the benefit of the beneficiaries. The language employed is, of course, inapt and incomplete, and does not express this purpose fully and plainly. Carefully considering, however, all that is said, it seems to me that the intent to accomplish the purpose named can be seen and spelled out within the rules of construction applicable to such a case. The three trusts, as originally designed, are created in the single clause quoted. It was manifestly the intention to dispose of all of the three shares in the same manner upon similar limitations, and therefore the language used in reference to any one share may be considered in determining the purpose of the testatrix with reference to all of the shares. Following this course, we find that the property was devised to the trustees named "upon trust" for the beneficiaries named;. that it was "intended for the benefit" of them; that it was to be "held by said trustees for the benefit" of them; that the testatrix desired that said trustees "hold the same upon trust for my said daughter Julia Augusta Van Bergen for her life for her separate use"; that in default of any children "the said share so intended for the benefit of" said daughter was to "be held by   *   *   *   said trustees for the benefit of" the son of said testatrix and his wife. These and other expressions seem to indicate pretty clearly as the intention of the entire provision that the property was devised to said trustees to possess and hold, and that for the benefit of the respective beneficiaries. There is only one apparent way in which this trust and obligation could be discharged, and that is by the trustees holding the property, managing it, and collecting rents and profits for the benefit of the persons entitled thereto. This would be concededly an active and legal trust. The construction placed upon the language and the conclusion reached seem to be within the principles laid down in Mullins v. Mullins, 79 Hun, 421, 29 N. Y. Supp. 961; Donovan v. Van De Mark, 78 N. Y. 244; Kiah v. Grenier, 56 N. Y. 220; Stagg v. Beekman, 2 Edw. Ch. 89; Morse v. Morse, 85 N. Y. 53, 60; Vernon v. Vernon, 53 N. Y. 351, 359.

If the foregoing conclusion is correct, it is concededly a bar to this action, and it is not necessary, and perhaps not desirable, that the court at this time should pass upon the validity or effect of the various limitations over after the death of the son and daughter and their respective wife and husband to the grandchildren. If questions arise in regard thereto hereafter, they can be determined at the proper time. Even if I am wrong with reference to the trusts attempted to be created by the will, it seems to me that there is another trust which vests the trustees with the possession of said premises for lives not yet determined, and which, therefore, prevents a sale of the premises. After the foregoing will had been probated,

and on or about July 9, 1889, Joseph R. Peirson and Susan R., his wife, Julia Augusta Van Bergen and Anthony, her husband, and Anthony Van Bergen and Jacob Walker as trustees (with another merely formal party), executed an instrument whereby, in substance, said Peirsons and Van Bergen conveyed to said trustees all of the property derived under the will in question, and including the premises involved here, upon the same trusts, so far as said grantors were concerned, as were attempted at least to be created by the will in question. Said trustees were to hold said premises, and collect the rents and profits, and pay the same to said Peirsons and Van Bergens in the same manner indicated by said will. Augusta Van Bergen is dead, but the other three are still living; and, as already stated, plaintiff is the son of Joseph R. Peirson. So far as appears, nothing has ever been done to terminate or modify this trust. It is a valid one, and the trustees hold the property for the purpose of carrying it out. It is true that under certain circumstances a voluntary trust of this character may be revoked. Whether it could be done in this case, where there was a mutual trust conveyance, and one of the parties executing it is dead, is uncertain (Livingston v. Trust Co. [Sup.] 13 N. Y. Supp. 105), but I expressly refrain from passing upon that question. It is sufficient to say that it is not presented here. The facts disclose a valid trust for lives still in existence, originally voluntary, it is true, but none the less binding upon the trustees, and none the less effectively a bar to a sale such as it is conceded must be decreed in this case if any relief is granted.

It is urged by the plaintiffs and by some of the defendants that the court may permit the trustees to lease, mortgage, or even sell the trust property held by them. This, of course, is so, but such permission is given only upon a proper case established. Such a sale is not within the lines of an ordinary partition action, and there are no facts before the court upon which it could make a decree of sale upon that theory even if it were disposed to.

These conclusions lead to a judgment dismissing plaintiffs' complaint, with costs to each set of defendants who have appeared by separate attorney. Findings or decision and judgment in accordance herewith may be prepared by the counsel for the defendants Joseph R. and Susan R. Peirson, and submitted to the other counsel for approval. Failing to so approve, they may submit to me proposed amendments.

Ordered accordingly.